DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Oregon Municipal Court, that sentenced defendant-appellant, Joseph Zelinko, after finding him guilty of domestic violence and then modified the sentence outside of Zelinko's presence and without holding a hearing on the resentence. Zelinko's appeal challenges that judgment through the following assignment of error:
 {¶ 2} "The trial court erred in incorrectly sentencing appellant to 60 days of incarceration for a misdemeanor of the fourth degree and in changing the incorrect sentence without appellant being present, in violation of Ohio Rule of Criminal Procedure, Crim.R. 43."
 {¶ 3} On September 30, 2005, appellant entered a plea of no contest to an amended charge of domestic violence in violation of R.C. 2919.25(C), a fourth degree misdemeanor. At the sentencing hearing of October 31, 2005, the lower court sentenced appellant to 60 days incarceration, with 55 days suspended on various conditions, and a fine of $250 plus costs. The written entry on the trial court's written docket sheet initially reflected that sentence. The trial court, however, then wrote on the written docket sheet over the numerical portions of the sentence that appellant was sentenced to 30 days incarceration with 25 days suspended. The judgment entry on the court's computerized docket sheet reflects the 30 day sentence.
 {¶ 4} Pursuant to R.C. 2929.24(A)(4), the maximum jail sentence that a trial court can impose for a fourth degree misdemeanor offense is 30 days. Accordingly, the 60 day sentence that the lower court imposed on appellant at the sentencing hearing was clearly erroneous. The lower court attempted to correct its mistake by issuing a judgment entry that reflected a sentence of 30 days. Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." The state contends that the lower court simply corrected a clerical mistake in altering the sentence as it did. "The term `clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment."State v. Brown (2000), 136 Ohio App.3d 816, 819-820, citingDentsply Internatl., Inc. v. Kostas (1985), 26 Ohio App.3d 116,118
 {¶ 5} Trial courts further maintain authority to correct void sentencing orders. State v. Garretson (2000),140 Ohio App.3d 554, 559. "A sentence is rendered void when there is an attempt by the court `to disregard statutory requirements when imposing a sentence.'" Id. quoting State v. Beasley (1984),14 Ohio St.3d 74, 75. To correct an illegal sentence, however, the trial court must do so in open court at a resentencing hearing. State v.Heath (Sept. 30, 1997), 6th Dist. No. L-97-1099; Crim.R. 43.
 {¶ 6} Our review of the record reveals that the lower court orally sentenced appellant to an illegal term of 60 days incarceration and then modified that sentence when imposing the written judgment. Although appellant benefited from the lower term, it is well settled that "[w]hen a sentence pronounced in open court is subsequently modified and the judgment entry reflects the modification, the modification must have been made in the defendant's presence." State v. Haynes, 10th Dist. No. 03AP-574, 2004-Ohio-591, at ¶ 6. Because the modification of appellant's sentence was not made in his presence, the lower court's judgment entry of sentence is void, Heath, supra, and the sole assignment of error is well-taken.
 {¶ 7} On consideration whereof, the judgment of the Oregon Municipal Court is vacated and this case is remanded to that court for resentencing in accordance with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT VACATED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J., Skow, J., Parish, J., concur.