OPINION
{¶ 1} Defendant-appellant, David Endress, appeals the decision of the Butler County Court of Common Pleas to impose a prison sentence after he pled guilty to and was convicted of the offense of felony nonsupport of dependents.
 {¶ 2} Appellant argues under his single assignment of error that his 11-month prison sentence for a fifth-degree felony is contrary to law and unsupported by clear and convincing evidence because he was amenable to community control sanctions and the trial court *Page 2 
erroneously relied upon the fact that appellant previously failed to appear in court to find appellant not amenable to community control.
 {¶ 3} We overrule appellant's assignment of error. Even though the trial court did not make a determination that an R.C. 2929.13(B)(1) factor was present for this fifth-degree felony, it was still permitted to impose a prison sentence. See State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, ¶ 38, 43, 69, 70.
 {¶ 4} The record indicates that the trial court considered the applicable sentencing statutes. R.C. 2929.11, 2929.12, 2929.13; seeState v. Moore, Butler App. No. CA2007-03-060, 2008-Ohio-1477.[1] The trial court was aware of appellant's criminal history, found that the victim suffered serious economic harm, and noted that appellant had previously failed to appear before the trial court. See R.C. 2929.12
(sentencing court, in addition to considering the factors set forth in the divisions of this statute, may consider any other factors that are relevant to achieving those purposes and principles of sentencing). Accordingly, the trial court did not err by considering appellant's failure to appear. See State v. Daniels, Hamilton App. Nos. C-010070, C-010087, 2001-Ohio-8749 (failure to appear relevant to consideration of recidivism).
 {¶ 5} Appellant failed to offer clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law.
 {¶ 6} Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] A trial court's specific reference on the record that it considered the various applicable subsections or divisions would alleviate any confusion for the defendant and would be helpful to appellate review. *Page 1