[Cite as *State v. Williams*, 2012-Ohio-6277.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 MA 131 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| LEXTER WILLIAMS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                                        Court, Case No. 09 CR 78.

JUDGMENT:                                      Conviction Affirmed.  Sentence
                                                        Vacated and Remanded for
                                                        Resentencing.

APPEARANCES:
For Plaintiff-Appellee:                       Attorney Paul J. Gains
                                                        Prosecuting Attorney
                                                        Attorney Ralph M. Rivera
                                                        Assistant Prosecuting Attorney
                                                        21 W. Boardman St., 6th Floor
                                                        Youngstown, OH  44503

For Defendant-Appellant:                  Attorney Louis DeFabio
                                                        4822 Market Street, Suite 220
                                                        Boardman, OH  44512

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio

                                                        Dated:  December 26, 2012

[Cite as *State v. Williams*, 2012-Ohio-6277.]
DeGenaro, J.

{¶1} Defendant-Appellant, Lexter Williams, appeals the decision of the Mahoning County Court of Common Pleas, denying his motion to withdraw his guilty plea and sentencing him accordingly. On appeal, he argues that the trial court abused its discretion in denying his pre-sentence motion to withdraw his plea and that the court failed to substantially comply with Crim.R. 11 when accepting his plea. He further argues that the trial court erred because the sentence announced at the sentencing hearing varied from the sentence in its entry of judgment. Finally, Williams asserts that the trial court's sentence was contrary to law and an abuse of discretion.

{¶2} Upon review, Williams' arguments are meritorious in part. The trial court did not abuse its discretion in denying his motion to withdraw his guilty plea. Further, the court did substantially comply with Crim.R. 11 in accepting his plea. However, Williams has correctly identified several issues with his sentence that require a remand for resentencing. The trial court erred by imposing inconsistent sentences at the sentencing hearing and entry; failed to properly notify Williams regarding post-release control; and committed plain error by failing to conduct an inquiry into whether certain offenses were allied offenses of similar import and should merge before sentencing. Accordingly, the judgment of the trial court with regard to Williams' conviction is affirmed, his sentence is vacated and this cause is remanded for resentencing.

**Facts and Procedural History**

{¶3} On January 29, 2009, the Mahoning County Grand Jury indicted Williams for multiple charges, including aggravated robbery, aggravated burglary, kidnapping, rape, having weapons under disability, and firearm specifications. On February 10, 2009, Williams was arraigned, pled not guilty, and was appointed counsel.

{¶4} At some point Williams filed a motion to dismiss the indictment and discharge the defendant based upon a speedy trial violation, but this motion does not appear on the trial court's docket. The State opposed this motion on July 9, 2009. On July 10, 2009, Williams waived his right to a speedy trial. Then on July 13, 2009, the trial court filed a judgment entry overruling Williams' motion to dismiss.

{¶5} On October 22, 2009, the Mahoning County Grand Jury issued a

superceding indictment charging Williams with three counts of aggravated robbery (R.C. 2911.01(A)(1)(C)), two counts of aggravated burglary (R.C. 2911.11(A)(1)(B) and R.C. 2911.01(A)(2)(B)), three counts of kidnapping (R.C. 2905.01(A)(2)(C)), one count of kidnapping (R.C. 2905.01(A)(4)(C)), and one count of rape (R.C. 2907.02(A)(2)(B)), all of which are first-degree felonies; and one count of having weapons while under disability (R.C. 2923.13(A)(2)(B)), a third-degree felony. All of these charges except the latter carried a firearm specification (R.C. 2941.145(A)). The charges in the superceding indictment were identical to the original indictment. The only change was that a co-defendant, who had previously been labeled "John Doe," was identified by name in the superceding indictment. On November 3, 2009, Williams was arraigned and pled not guilty.

{¶6} On April 23, 2010 and June 17, 2010, Williams filed pro-se motions to revoke his speedy trial waiver.

{¶7} On October 28, 2010, Williams and the State entered into a Crim.R. 11 plea agreement. The State agreed to amend Count Ten in the indictment from rape to gross sexual imposition (R.C. 2907.05(A)(1)(C)), a fourth-degree felony. Williams withdrew his previous plea of not guilty and agreed to plead guilty to the amended count and the remaining counts of the indictment. The State recommended an agreed-upon sentence of ten years on each of Counts One through Nine, to run concurrent to each other and consecutively to the firearm specifications; three years on the firearm specifications; and 18 months on Count Ten and five years on Count Eleven, to run concurrent to Counts One through Nine. Thus, the recommended sentence totaled 13 years.

{¶8} The State further recommended that Williams' bond be amended to a recognizance bond with the conditions of electronically monitored house arrest and that he report daily to the Community Corrections Association pending his sentencing. The guilty plea form indicated that the State's offer was expressly contingent on Williams abiding by the terms of EMHA and reporting to CCA. If he violated house arrest or committed any illegal activity, then the State's recommendation would be for the maximum sentence. At a plea hearing that same day, the court accepted Williams' guilty

plea and accepted the State's motion to amend the indictment. The court also amended Williams' bond pursuant to the plea agreement. Williams' sentencing was set for November 22, 2010.

{¶9} On November 19, 2010, the trial court issued a judgment entry finding Williams was in violation of his bond based upon CCA's representations that Williams had failed to report on November 17 and 18, and according to his electronic monitoring equipment his current whereabouts were unknown. The trial court revoked his bond and issued a bench warrant for his arrest. Williams was later arrested in Philadelphia, Pennsylvania and brought back to Mahoning County.

{¶10} At the February 22, 2011 sentencing hearing the State recommended a maximum sentence because Williams violated the terms of his house arrest by absconding out of state. In response, the defense made an oral motion to withdraw Williams' guilty plea, explaining Williams' decision to plead guilty was due to family pressure and to get the matter resolved, but he now wanted the case to proceed to trial. After the State's response and parties finished their arguments, the trial court discussed the factors to be considered and then overruled Williams' motion to withdraw his guilty plea.

{¶11} As to sentencing, defense counsel opposed the State's recommendation, arguing that Williams' violation of his bond did not warrant the 13-year agreed-upon sentence to be increased to a maximum sentence. The court then allowed Williams to speak. Williams explained that part of the reason he wanted to withdraw his guilty plea was that he felt his speedy trial rights had been violated.

{¶12} The trial court then announced the following sentence at the hearing: eight years each on Counts One through Three, ten years each on Counts Four through Nine, 18 months on Count Ten, five years on Count Eleven, and the firearm specifications merged for a total of three years; all of the sentences were to run consecutive to each other and consecutive to the firearm specifications, for a total of *89.5 years*. There was no discussion by counsel or the court relative to allied offenses and merger at the sentencing hearing. However, the trial court's August 8, 2011 judgment entry imposed

the following sentence: ten years each on Counts One through Nine, 18 months on Count Ten, and five years on Count Eleven; merged the sentences imposed on Counts Four and Five; merged the multiple firearm specifications for a total of three years; and ordered that all of the sentences were to be served consecutively for a total sentence of *83.5 years*.

**Guilty Plea**

{¶13} For analysis purposes, Williams' second of four assignments of error will be discussed first:

{¶14} "The trial court failed to substantially comply with Crim.R.11 and, therefore, erred in accepting the appellant's guilty plea. As such, the defendant's guilty plea was not knowing, intelligent and voluntary."

{¶15} Williams identifies two provisions the trial court failed to substantially comply with as required by Crim.R. 11; incorrectly advising him regarding the maximum possible sentence and failing to determine whether he understood the nature of the charges.

{¶16} The Due Process Clause in both the United States and Ohio Constitutions require that guilty or no contest pleas are knowing, intelligent, and voluntary. *Parke v. Raley*, 506 U.S. 20, 28-30, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *State v. Buchanan*, 43 Ohio App.2d 93, 96, 334 N.E.2d 503 (8th Dist.1974). When determining the voluntariness of a plea, courts must consider all of the relevant circumstances surrounding it. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *State v. Johnson*, 7th Dist. No. 07-MA-8, 2008-Ohio-1065, ¶8. If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

{¶17} In order for a trial court to ensure that a defendant's plea is knowing, voluntary and intelligent, it must engage the defendant in a colloquy pursuant to Crim.R. 11(C). *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶25-26. During the colloquy, the trial court is to provide specific information to the defendant, including constitutional rights being waived (such as trial by jury and confrontation of

witnesses) and non-constitutional information (such as nature of the charges and the maximum penalty involved) before the judge may accept the plea. Crim.R. 11(C)(2); *State v. Francis,* 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶29.

{¶18} A trial court must strictly comply with Crim.R. 11 regarding constitutional rights, and must substantially comply regarding non-constitutional rights. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance [with Crim.R. 11] means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id. See also Clark* at ¶31.

{¶19} Williams argues that the court failed to advise him of the maximum penalty because it incorrectly advised him of the cumulative total sentence he could serve. The Ohio Supreme Court has held that "[f]ailure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), at syllabus. The Court noted that Crim.R. 11(C)(2)(a) refers to "the plea", "the charge", and "the maximum penalty" in the singular, and thus concluded that explaining the maximum penalty refers to the sentence for each charge, rather than the cumulative total of all sentences for all charges to which the defendant is pleading. *Id.* at 133-134.

{¶20} The trial court informed Williams of the maximum penalty during the plea colloquy as follows:

> Do you understand if I accept your plea, I can proceed immediately with judgment and sentence, and I could sentence you for three [to] ten years on each of the felony ones, for six [to] eighteen months on the felony four, and for one [to] five years on the felony three, consecutive to the three-year mandatory time for a total of 86 and a half years plus three years, I could fine you $145,000, that you're not eligible for community control as a result of this plea?

**{¶21}** And after accepting Williams' plea, the trial court told him that it hoped he would abide by the terms of his house arrest "because 13 years versus 95 years is a big difference, and do not think that for one minute this court would not impose that long of a period of time." In its journal entry the trial court imposed a sentence totaling 83.5 years.

**{¶22}** Williams argues that the trial court incorrectly stated the total maximum sentence was 89.5 years, because the correct cumulative total sentence that Williams could receive was 99.5 years. Williams is correct that the trial court misstated the maximum cumulative potential sentence that could be imposed. The State argues that the trial court was considering the merger of Counts Four and Five in this calculation, which accounts for the differing totals, but the trial court did not discuss merger during the plea hearing; thus we cannot make that presumption. See discussion below starting at ¶57 and ¶71. However, the trial court correctly advised Williams of the sentence range he could receive for each charge. *See* Former R.C. 2929.14(A)(1); R.C. 2929.14(A)(4); Former R.C. 2929.14(A)(3); Former R.C. 2929.14(D)(1)(a)(ii).

**{¶23}** Pursuant to *Johnson*, the trial court was required to explain the maximum sentence for each charge to which Williams was pleading, which the court did. *Id.*, 40 Ohio St.3d 130, at 133-134. Thus, the trial court substantially complied with the requirement to explain the maximum penalty involved under Crim.R. 11(C)(2)(a), and Williams' guilty plea is not invalidated on this basis. However, the trial court must be mindful not to make comments during a plea hearing that could be interpreted as expressing prejudgment of the case, such as the court's comment here on a 13-year sentence versus a 95-year sentence.

**{¶24}** Next, Williams contends that the trial court failed to explain the nature of the charges or the elements contained in the charges to him. Crim.R. 11(C)(2)(a) requires a trial court to determine that the defendant has an understanding of the nature of the charges before the trial court accepts the defendant's guilty plea. However, the trial court does not need to inform the accused of the actual elements of the charged offenses; a defendant can obtain this information from whatever source, be it from the trial court, the

prosecutor, or some other source. *Johnson*, 7th Dist. No. 07-MA-8, at ¶14.

{¶25} In *Johnson*, this court held the trial court complied with Crim.R. 11(C)(2)(a) because the accused signed a document wherein he stated, "[c]ounsel has advised me and I fully understand the nature of the charge(s) against me and the elements contained therein" and his counsel told the trial court that the accused was ready to plead guilty. *Id.*, 7th Dist. No. 07-MA-8, at ¶15. Similar circumstances are present here. The plea agreement, which lists the charges and the degree and maximum sentence for each offense, and Williams signed, states: "I fully understand the nature of the charge(s) and/or specification(s) against me and the elements contained therein." Further, at the plea hearing, defense counsel informed the trial court that Williams had full participation in the plea negotiations and was ready for the trial court's inquiry. Williams also indicated that he had thoroughly reviewed the plea agreement with his attorney, that everything in the plea agreement had been fully explained to him by the trial court and his attorney, and that he had no questions for his attorney. Additionally, the bill of particulars filed by the State described the elements of the offenses charged in the indictment. Thus, the record demonstrates Williams understood the nature of the charges against him. Accordingly, Williams' second assignment of error is meritless.

### Motion to Withdraw Guilty Plea

{¶26} In his first assignment of error, Williams argues:

{¶27} "The trial court erred in overruling the appellant's pre-sentence motion to withdraw his plea of guilty."

{¶28} Pursuant to Crim.R. 32.1, a defendant may move to withdraw his guilty plea before his sentence is imposed. Motions to withdraw a guilty plea before sentencing "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). At the same time, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id.* at paragraph one of the syllabus. A defendant is only entitled to withdraw his plea when "there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶29} This court has previously stated that "[s]ome of the factors that are weighed

in considering a pre-sentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge." *State v. Cuthbertson,* 139 Ohio App.3d 895, 898-899, 2000-Ohio-2638, 746 N.E.2d 197 (1st Dist. 2000). *See also State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995). No one of these factors is conclusive. *Cuthbertson* at 899.

**{¶30}** "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Xie* at paragraph two of the syllabus. The trial court abuses that discretion when its ruling is "unreasonable, arbitrary or unconscionable," which is "more than an error of judgment." *Id.* at 527.

**{¶31}** Upon consideration of the nine factors in *Cuthbertson*, the trial court's decision to deny Williams' motion to withdraw his guilty plea was not an abuse of discretion. First, the State concedes that it did not argue or present evidence that it would be prejudiced by the withdrawal of Williams' guilty plea. However, as the State notes, "although prejudice to the state has been called an important factor, it is not dispositive, and a lack of articulated prejudice does not require plea withdrawal." *State v. Scott*, 7th Dist. No. 08 MA 12, 2008-Ohio-5043, ¶16.

**{¶32}** Second, Williams argues that he did not receive reasonable representation because his trial counsel failed to seek dismissal of the charges for speedy trial violations, although he did not go so far as to assign as error ineffective assistance of trial counsel on appeal. Williams initially signed a written waiver of his speedy trial rights but later filed pro-se motions to revoke his speedy trial waiver and demand a jury trial. "Following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state

must bring the accused to trial within a reasonable time." *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987), at paragraph two of the syllabus.  Because Williams revoked his speedy trial waiver under *O'Brien*, the State was required to bring Williams to trial within a reasonable amount of time after his demand for trial.  To determine whether defense counsel's representation was reasonable, we must examine the amount of time that elapsed between Williams' revocation of the waiver and his guilty plea.

**{¶33}** Because Williams' July 10, 2009 speedy trial waiver did not contain a beginning or ending date, the waiver was unlimited in duration and effective from the date of arrest.  *State v. Skorvanek*, 9th Dist. No. 08CA009399, 2009-Ohio-3924, ¶13.  This waiver extended to the superceding indictment because it did not change the nature of the offenses or add any additional charges.  *State v. Clark*, 7th Dist. No. 04 MA 246, 2006-Ohio-1155, ¶16-20.  Williams then filed his first motion to revoke his speedy trial waiver on April 23, 2010 and he entered his guilty plea on October 28, 2010; thus, 188 days elapsed before the guilty plea.  Before Williams executed his waiver, the trial court had set the trial for July 19, 2010 by agreement of the parties.  Williams concedes in his brief that the July 19, 2010 trial date would have constituted a reasonable amount of time.

**{¶34}**  On July 19, 2010, defense counsel filed a motion to continue, which the trial court subsequently granted and by agreement of the parties, reset the trial for September 7, 2010.  Williams contends that it was unreasonable for his counsel to move for a continuance; however, the continuance was made for purposes of trial preparation because the co-defendant had since given a statement against Williams.  Because this continuance was granted on the accused's motion, it would toll the speedy trial time. *State v. Brown*, 7th Dist. No. 03-MA-32, 2005-Ohio-2939, ¶41, citing R.C. 2945.72(H). Moreover, defense counsel's motion for continuance was reasonable given that it was made for the purposes of trial preparation.

**{¶35}**  On August 12, 2010, the trial court issued a judgment entry continuing the trial date because no jury had been summoned yet for the September 7 trial date.  The court stated that upon agreement of the parties, the trial was reset to November 1, 2010, which was the first available date on the court's docket and on counsels' calendars.

Williams argues that continuing the trial date due to lack of jurors was not reasonable and would not toll the speedy trial time. R.C. 2945.72(H) provides that speedy trial time may be extended by "the period of any reasonable continuance granted other than upon the accused's own motion."

**{¶36}** Assuming arguendo that this continuance for failure to summon jurors was unreasonable, and there could be instances where it would be reasonable, 77 days would have expired on the speedy trial clock between August 12, 2010 and October 28, 2010 when Williams entered his guilty plea. Thus, we must next determine whether this was a reasonable amount of time by applying a balancing test with the following factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *O'Brien* at 10, citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Howard*, 7th Dist. 06-MA-31, 2007-Ohio-3170, ¶25.

**{¶37}** "The initial consideration is that of the specific delay occasioned by the state. 'Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.'" *O'Brien* at 10, quoting *Barker* at 530. "Courts have generally found that a delay approaching one year becomes 'presumptively prejudicial.'" *State v. Madden*, 10th Dist. No. 04AP-1228, 2005-Ohio-4281, ¶53, citing *Doggett v. United States*, 505 U.S. 647, 652, fn. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Here, 188 days, 77 of which were attributable to the State, elapsed between Williams' revocation of his speedy trial waiver and his guilty plea entered shortly before the scheduled trial date. This delay was reasonable and not presumptively prejudicial. *See Madden* at ¶53 (five month delay was not presumptively prejudicial); *State v. Webb*, 4th Dist. No. 01CA32, 2002-Ohio-3552, ¶26 (186 day delay was not presumptively prejudicial). Because Williams' speedy trial rights were not violated, defense counsel's failure to seek dismissal of the charges on these grounds was not unreasonable representation.

**{¶38}** Williams also alleges that defense counsel's representation was unreasonable because Williams claims that he was not informed that upon entering his

guilty plea, he would be waiving his right to raise speedy trial issues on appeal. The Ohio Supreme Court has long held that "where an accused has entered a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal." *Montpelier v. Greeno*, 25 Ohio St.3d 170, 170, 495 N.E.2d 581 (1986); *see also State v. Kelley*, 57 Ohio St.3d 127, 130, 566 N.E.2d 658 (1991). As discussed above, when a defendant enters a guilty plea, the trial court must ensure that the plea is knowing, voluntary and intelligent by engaging the defendant in a plea colloquy pursuant to Crim.R. 11(C). *Clark* at ¶25-26.

**{¶39}** "The court is not obligated to inform the defendant of anything beyond what is required by Crim.R. 11 before accepting a guilty plea, including that a guilty plea will prejudice a later speedy trial claim. Claims of voluntariness are repeatedly rejected where the only alleged deficiency is that the defendant was not informed of a right or waiver not specified in Crim.R. 11." (Citation omitted.) *State v. Mavroudis*, 7th Dist. No. 02 CO 44, 2003-Ohio-3289, ¶25, citing *State v. Railing*, 8th Dist. No. 67137, 1994 WL 581485 (Oct. 20, 1994). In *Railing*, the defendant argued that his plea was involuntary because his counsel had incorrectly advised him that a guilty plea would not waive a later speedy trial claim; however, the appellate court upheld the voluntariness of the defendant's plea. *Id.* at *1. Here, despite Williams' claims that he was not advised that he was waiving speedy trial issues by entering a guilty plea, this claim would not affect the voluntariness of his guilty plea. Moreover, as discussed above, Williams' speedy trial rights were not violated. Thus, this factor weighs against granting the motion to withdraw the plea.

**{¶40}** Third, Williams argues that the Crim.R. 11 plea hearing was deficient because the trial court failed to inform him of the maximum sentence he could receive and thus, failed to substantially comply with Crim.R. 11(C). This is the same argument he raised in the second assignment of error, which as discussed above is meritless. Williams also notes that neither party raised the issue of allied offenses to the trial court, and asserts that some of the offenses were, on their face, allied offenses; thus, the trial court was required to inquire whether R.C. 2941.25 is applicable. This argument will be

addressed in the fourth assignment of error, which challenges the trial court's sentence, as the issue of allied offenses relates to sentencing. *See State v. Rogers*, 8th Dist. Nos. 7093, 97094, 2012-Ohio-2496, ¶28 (explaining that "merger of offenses is a sentencing issue, not a plea issue").

**{¶41}** Fourth, Williams argues that the trial court did not conduct an extensive hearing on his motion to withdraw his guilty plea. He notes that the court did not allow a continuance for defense counsel to confer with Williams and prepare a motion to withdraw. During the sentencing hearing, defense counsel indicated that he was not prepared to proceed with the oral motion to withdraw because he felt that it should be written and supported by caselaw and an affidavit from Williams explaining his basis for withdrawing his plea. However, defense counsel then explained that Williams entered his guilty plea due to family pressure and that he now desired his case go to trial. The trial court indicated that it was familiar with the applicable caselaw and that it believed that the hearing was extensive enough to consider the oral motion. Williams also notes that the court did not question him until after it had already ruled on his motion to withdraw. While defense counsel did make an argument on Williams' behalf during the hearing on the motion to withdraw, counsel did not explain that Williams was confused about his speedy trial rights and that he felt those rights had been violated. Thus, the hearing was not as extensive as it could have been had the trial court allowed Williams to testify, and this argument has some merit.

**{¶42}** Fifth, Williams argues that the trial court did not give full and fair consideration to his motion because he claims that the court made erroneous findings in assessing the factors, which he claims support withdrawal of the plea. To the contrary, the trial court gave full and fair consideration to the motion; it indicated that it was familiar with the caselaw and mentioned that it had at least eight factors to consider. The trial court also discussed many of the factors on the record and made appropriate findings.

**{¶43}** Sixth, as to the timing of Williams' motion, he made his oral motion to withdraw his guilty plea during the sentencing hearing, approximately four months after he pled guilty. However, during the sentencing hearing, defense counsel noted that the

motion to withdraw the plea was being made during the sentencing hearing because Williams had recently been brought back to the jurisdiction and defense counsel's first opportunity to receive instructions from Williams was the day of the hearing. The trial court stated that the timing of the motion was extremely unusual but acceptable. Thus, based upon the trial court's finding that the timing was acceptable, this factor weighs in favor of granting Williams' motion to withdraw his plea.

**{¶44}** Seventh, as to Williams' reasons for seeking withdrawal of his plea, defense counsel indicated that Williams entered the plea due to family pressure to get the matter resolved and he wanted the matter to proceed to trial. However, these reasons amount to a change of heart, which this court has held does not constitute grounds to grant a motion to withdraw a plea. *State v. Kramer*, 7th Dist. No. 01-C.A.-107, 2002-Ohio-4176, ¶50.

**{¶45}** After the trial court had ruled on his motion to withdraw his guilty plea, Williams further indicated during the sentencing portion of the hearing that he was not advised that his guilty plea would waive speedy trial issues for appeal and that he believed his speedy trial rights had been violated. However, as discussed above, Williams signed a speedy trial waiver, which was effective until he filed a pro-se motion to revoke that waiver and demand a jury trial. Williams is not arguing that this waiver was not knowingly or voluntarily made. Further, Williams' speedy trial rights were not violated in regards to the delay between the revocation of his waiver and his guilty plea.

**{¶46}** However, Williams was confused regarding the effect of his guilty plea and he did express this confusion during the sentencing hearing as a reason for plea withdrawal. He also notes that the trial court informed him at the sentencing hearing that he would still be able to appeal the trial court's ruling on his motion to dismiss for a speedy trial violation. However, as discussed above, Williams' speedy trial waiver was effective from the date of his arrest, and thus, he would be precluded from appealing the trial court's denial of his motion to dismiss. Accordingly, while Williams' speedy trial argument is meritless, his confusion over his appellate rights with regards to speedy trial may be a factor in favor of granting the motion to withdraw.

**{¶47}** Eighth, Williams entered his plea with an understanding of the nature of the

charges and their sentencing ranges. Williams raised a similar argument in his second assignment of error, which as discussed above is meritless.

**{¶48}** Ninth, Williams did not profess innocence of his crimes. He stated during the sentencing hearing that he wanted to go to trial, but this does not equate with a claim of innocence. Nor was there any indication that Williams had a complete defense to his charge. To the contrary, the State explained during the sentencing hearing that three co-defendants had given proffers and had made an agreement to testify against Williams.

**{¶49}** Upon consideration of all of the facts and circumstances in this case, the trial court did not abuse its discretion in overruling Williams' motion to withdraw his guilty plea. Certain factors weighed in his favor, such as the lack of prejudice to the State, the fact that the trial court found the timing of the motion was acceptable, the fact that the trial court did not question Williams until after it had already denied his motion, and Williams' confusion over his ability to appeal a speedy trial violation. However, other factors weighed strongly against granting the motion. Importantly, Williams' basis for the motion amounted to a change of heart and a meritless speedy trial argument. For these reasons, the trial court did not abuse its discretion, and Williams' first assignment of error is meritless.

**Inconsistent Sentences**

**{¶50}** In his third assignment of error, Williams argues:

**{¶51}** "Given the differences in the sentence pronounced in open court and that imposed by the trial court in its sentencing entry, along with conflicting sentences imposed in said entry, the trial court's sentence violated Crim.R. 43 and Section X, Article I of the Ohio Constitution. As such, the appellant's sentence must be reversed and remanded for purposes of conducting another sentencing hearing."

**{¶52}** Williams argues that the trial court violated Crim.R. 43 because the sentence pronounced at the sentencing hearing varied from the sentence in the sentencing entry. He also notes that the sentencing entry itself is inconsistent. Thus, he urges this court to reverse his sentence and remand the case for a resentencing hearing. In reply, the State contends that the differences in sentence amount to a clerical error and

that Williams suffered no prejudice because the court imposed a lower sentence in the sentencing entry. Thus, the State contends that this error may be corrected via a nunc pro tunc order pursuant to Crim.R. 36.

{¶53} "Crim.R. 43(A) provides that the defendant shall be present at every stage of the trial, including at the imposition of sentence. Because the defendant's presence is required when the court imposes sentence, the trial court errs when its judgment entry of sentence differs from the sentence that it announced at the sentencing hearing in the defendant's presence." *State v. Kovach,* 7th Dist. No. 08-MA-125, 2009-Ohio-2892, ¶28, citing *State v. Jordan,* 10th Dist. No. 05AP–1330, 2006-Ohio-5208, ¶48.

{¶54} Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

{¶55} During the sentencing hearing, the court announced that Williams' sentence was eight years each on Counts One through Three, ten years each on Counts Four through Nine, 18 months on Count Ten, five years on Count Eleven, and the firearm specifications merged for a total of three years, with all sentences to run consecutively. The trial court did not announce the total sentence but adding up these terms, it appears that the trial court sentenced Williams to 93.5 years. However, in the sentencing entry, the trial court imposed ten years each on Counts One through Nine, 18 months on Count Ten, and five years on Count Eleven. The trial court next found that the sentences imposed on Counts Four and Five merged and that the firearm specifications merged for a total of three years. The trial court ordered that all of the sentences were to be served consecutively for a total sentence of 83.5 years. However, when adding up the specific terms in the sentencing entry, they total 89.5 years.

{¶56} We do not agree with the State that the trial court's inconsistent sentences for Counts One through Three are the result of a clerical error. The difference in imposing eight years on each count versus imposing ten years is a substantive change, not an error arising from oversight as contemplated by Crim.R. 36. Thus, this error cannot be corrected via a nunc pro tunc order.

{¶57} The trial court also merged Counts Four and Five in the sentencing entry but did not do so at the hearing. While the court may have intended to merge these counts originally, this action was omitted at the hearing. A nunc pro tunc order cannot be used to reflect what the trial court intended to decide. *State v. Marks*, 7th Dist. No. 868, 2002-Ohio-6267, ¶28. As the State notes, the merged sentences result in a reduced sentence and thus benefit Williams. Nonetheless, Williams has challenged this lower sentence on appeal. Other appellate districts have held that when a sentence imposed in the sentencing entry varies from the sentence announced at the hearing, this error is reversible even when the sentencing entry reduces or does not increase the sentence. *See State v. Zelinko*, 6th Dist. No. L-05-1345, 2006-Ohio-5106, ¶6-7; *State v. Hill*, 5th Dist. No. 98CA67, 2002-Ohio-227, *10.

{¶58} Thus, the trial court erred in modifying the sentence imposed at the hearing outside of Williams' presence and the sentence is reversed and remanded for resentencing. Accordingly, the third assignment of error is meritorious.

**Sentence Review**

{¶59} Williams argues in his fourth assignment of error:

{¶60} "The trial court's sentence was contrary to law and/or constituted an abuse of discretion."

{¶61} When reviewing a felony sentence, an appellate court first reviews the sentence to ensure that the sentencing court clearly and convincingly complied with the applicable laws. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4. A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute. *Id.* at ¶15. If this inquiry is satisfied, an appellate court then reviews the trial court's sentencing decision for abuse of discretion. *Id.* at ¶17, 19-20. An abuse of discretion means more than an error of law or judgment; but rather implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶62} At the outset, Williams requests that this court remand this matter for

purposes of resentencing pursuant to R.C. 2929.14(C)(4). House Bill 86 ("H.B. 86") amended R.C. 2929.14 and revived the requirement of fact-finding for consecutive sentences, which had previously been severed from the statute by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. However, the trial court sentenced Williams before September 30, 2011, the effective date of H.B. 86. Other appellate districts have rejected similar arguments that H.B. 86 should apply retroactively. *See, e.g., State v. Stalnaker*, 11th Dist. No. 2011-L-151, 2012-Ohio-3028, ¶15. Thus, the amended statute does not apply to Williams and this argument is meritless.

{¶63} As to the first *Kalish* factor, the sentences Williams received were within the applicable statutory ranges. Former R.C. 2929.14(A)(1); R.C. 2929.14(A)(4); Former R.C. 2929.14(A)(3); Former R.C. 2929.14(D)(1)(a)(ii). In addition, the trial court stated during the sentencing hearing and in its sentencing entry that it had considered the principles and factors contained in R.C. 2929.11 and 2929.12. Further, the trial court afforded Williams his allocution rights pursuant to Crim.R. 32(A)(1), when the court personally addressed him and asked him if he had anything to state on his own behalf.

{¶64} However, while neither party raised this issue, the trial court did not properly advise Williams regarding post-release control and this court raises that error sua sponte. *See State v. Perkins*, 3d Dist. Nos. 13-10-50, 13-10-51, 2011-Ohio-3129, ¶19.

{¶65} R.C. 2929.19(B)(2)(e) provides that at the sentencing hearing, the trial court must notify the offender that if a period of supervision is imposed following his or her release from prison, and if the offender violates that supervision, then the parole board may impose a prison term of up to one-half of the prison term originally imposed on the offender. The trial court must also include this notice in the sentencing entry. *State v. Pullen*, 7th Dist. No. 11 MA 10, 2012-Ohio-1498, ¶9 (analyzing former R.C. 2929.19(B)(3)(e)), citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E .2d 958, ¶11, 22.

{¶66} At the plea hearing, the trial court properly advised Williams that he would be subject to a mandatory period of five years of post-release control and of the consequences for violating the conditions of post-release control. R.C. 2967.28(B)(1).

However, at the sentencing hearing and in the sentencing entry, the trial court failed to advise Williams of these consequences.

**{¶67}** This court recently explained that for defendants sentenced after July 11, 2006, when the trial court fails to correctly notify the defendant of post-release control at the sentencing hearing, the error cannot be corrected through only a nunc pro tunc entry and the proper remedy is resentencing under R.C. 2929.191. *State v. Roseberry*, 7th Dist. No. 11 BE 21, 2012-Ohio-4115, ¶16, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718. Accordingly, Williams is subject to R.C. 2929.191, which provides that the trial court can hold a resentencing hearing solely on the issue of post-release control and issue a corrected judgment entry. R.C. 2929.191(C); *Singleton* at ¶24.

**{¶68}** As to the second *Kalish* factor, Williams mainly argues that his sentence was an abuse of discretion because the trial court inappropriately relied on his failure to appear for his original sentencing hearing in determining his sentence. At the sentencing hearing, the trial court stated:

> The court has read the record, the oral statements made, and the principles and purposes of sentencing under Ohio Revised Code 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12. * * * Based on [Williams' guilty plea], the defendant is not amenable to community control, and prison is consistent with the purposes of sentencing. Furthermore, to quote from the plea agreement that was read to the defendant, signed by the defendant, the state's offer of 13 years was expressly contingent on defendant abiding by the terms of the electronically monitored house arrest and day reporting to Community Corrections Association. If defendant violates house arrest or laws of the state of Ohio or engages in any illegal activity, the state's recommendation would be for the maximum sentence. Once again, that is just the state's recommendation.

**{¶69}** However, the cases that Williams cites in support of his argument are distinguishable from his case. In *State v. Stone*, 1st Dist. No. C-980382, 1999 WL 94626, the First District held that under the current legislative guidelines, the defendant's failure to appear at his sentencing hearing was not an appropriate factor for the trial court to consider in imposing consecutive sentences, or in determining the length of the sentence. *Id.* at *2. However, *Stone* was decided before *Foster*, which severed the statutory requirement of fact-finding for consecutive sentences. *Id.* at paragraph four of the syllabus. Here, the trial court was not required to make specific statutory findings before imposing consecutive sentences upon Williams. Moreover, other courts, including this district, have held that failure to appear is an appropriate factor to consider when evaluating recidivism. *State v. Rose*, 144 Ohio App.3d 58, 2001-Ohio-3297, 759 N.E.2d 460, *68-69 (7th Dist.); *State v. Endress*, 12th Dist. No. 2007-03-079, 2008-Ohio-1666, ¶4. Additionally, Williams cites to *State v. Banks*, 185 Ohio App.3d 648, 2010-Ohio-277, 925 N.E.2d 195 (2d Dist.), where the Second District held that the trial court abused its discretion in increasing the defendant's agreed-upon sentence based upon his failure to appear at sentencing. However, in that case, the defendant missed his sentencing due to car trouble and did not violate the conditions of his bond; whereas here, Williams did violate his bond and he missed his sentencing because he had fled to another state. *Id.* at ¶37-38.

**{¶70}** Williams further notes that the trial court did not use a presentence investigation report when sentencing him and no victims testified at the sentencing hearing. Williams waived a PSI at the plea hearing because of the agreed-upon sentence and he did not request the court order a PSI before the sentencing hearing. Crim.R. 32.2 instructs that in a felony case, a trial court shall order a PSI before it grants probation. But "a trial court is not required to order and consider a presentence investigation where probation is not granted." *State v. Hendking*, 8th Dist. Nos. 75179, 75180, 2000 WL 126733, *7 (Feb. 3, 2000). The trial court specifically found that Williams was not eligible for probation or community control sanctions and thus, it appears that the trial court was

not required to consider a PSI. Moreover, Williams has not alleged that he was prejudiced by the lack of victim testimony at his sentencing. *See State v. Leonard*, 8th Dist. No. 88299, 2007-Ohio-3745, ¶26 ("A trial court's error in failing to order a victim impact statement is not reversible, absent an affirmative demonstration of prejudice to the appellant.").

**{¶71}** Williams also argues that the trial court failed to consider whether certain offenses were allied offenses of similar import that should merge for the purposes of sentencing. Although the trial court did merge Counts Four and Five in the sentencing entry, and after it had imposed a sentence for each count, it did not discuss any merger analysis on the record at either the sentencing hearing or in the entry. Because Williams did not raise this issue before the trial court, we will only review for plain error. "Plain error is one in which but for the error, the outcome of the trial would have been different." *State v. Hancock*, 7th Dist. No. 09-JE-30, 2010-Ohio-4854, ¶55, citing *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). The Ohio Supreme Court has recognized that the "imposition of multiple sentences for allied offenses of similar import is plain error." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶31.

**{¶72}** The question of whether the two convictions should merge is governed by R.C. 2941.25, which provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶73}** The Ohio Supreme Court recently addressed merger in *State v. Johnson*,

128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, which contained a plurality opinion and two separate concurrences, but was unanimous in judgment and the syllabus language: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered. (*State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, overruled.)" *Id.* at syllabus.

{¶74} Williams contends that Counts Six, Seven, and Eight (kidnapping) were allied offenses with Counts One, Two and Three (aggravated robbery). Further, he argues Count Nine (kidnapping) was an allied offense with Count Ten (gross sexual imposition). He notes that the indictment reveals that all of the charged crimes occurred on the same date and that two of the counts of kidnapping, Counts Eight and Nine, involve the same victim. Further, he notes that Count Nine states that Williams removed the victim from the place she was found, or restrained her liberty, with the purpose to engage in sexual activity against her will.

{¶75} The bill of particulars states in Counts One, Two and Three that Williams used a gun to gain entry to a residence and while pointing the gun, ordered the three occupants to the floor and demanded money. Williams took money and other items from the occupants. In Count Six, Williams ordered one victim to lay on the ground in the living room and held him at gunpoint. In Count Seven, Williams approached the second victim in the kitchen with a gun, dragged him into the living room and held him at gunpoint. In Count Eight, Williams held the third victim at gunpoint in the living room and then he took her into the basement and sexually assaulted her. Counts Nine and Ten state that Williams took the third victim at gunpoint into the basement and made her kiss him, attempted anal penetration, and vaginally penetrated her.

{¶76} Upon review, it appears that these offenses may be allied offenses as Williams contends, but the record is very limited, especially regarding evidence of animus, thereby inhibiting our ability to review for plain error as to whether or not any of these offenses do merge as a matter of law. The Second District held that when the record suggests that multiple offenses may be allied offenses but is inconclusive, the trial court commits plain error when it does not conduct the necessary inquiry into whether these

offenses should merge for sentencing, and remanded the case for the trial court to consider the issue of merger. *State v. Cleveland*, 2d Dist. No. 24379, 2011-Ohio-4868, ¶20. Similarly, in *State v. Williams,* 7th Dist. No. 10 MA 136, 2012-Ohio-5344, where the trial court did not consider whether the defendant's convictions on multiple counts were allied offenses and should merge, this court concluded that the record lacked sufficient information to make this determination and remanded the case for a hearing on merger and for resentencing. *Id.* at ¶34-35. Accordingly we so hold here, and remand the case to the trial court to consider whether any of Williams' convictions are allied offenses and should merge for sentencing.

{¶77} Finally, Williams argues that the trial court abused its discretion because his sentence was disproportionate to that received by other similar offenders. He argues that the trial court violated R.C. 2929.11(B) by failing to impose a sentence that was "consistent with sentences imposed for similar crimes committed by similar offenders." However, this court has noted that a disproportionality argument must be raised in the trial court and the defendant must present some evidence to the trial court for analysis in order to preserve the issue for appeal. *State v. McClendon*, 7th Dist. No. 11 MA 15, 2012-Ohio-1410, ¶15, citing *State v. Miller*, 2d Dist. No. 09-CA-28, 2010-Ohio-2138, ¶51. Williams failed to raise disproportionality before the trial court and did not proffer any evidence about other cases into the record. Thus, Williams has failed to preserve this issue for appeal and this argument is meritless.

{¶78} Upon review of the totality of the circumstances, Williams' sentence was reasonable. Although the court relied heavily on the fact that Williams violated his bond and failed to appear for sentencing, this was an appropriate factor for the court to consider and could indicate a high likelihood of recidivism. However, the trial court failed to properly consider whether any of the counts, aside from Counts Four and Five, were allied offenses and should merge for the purposes of sentencing. The trial court's failure to perform this inquiry at the sentencing hearing was plain error. Thus, this matter is remanded for resentencing under R.C. 2929.191 and for the trial court to conduct the proper merger analysis. Accordingly, this fourth assignment of error is meritorious.

### Conclusion

{¶79} Williams' arguments are meritorious in part. The trial court did not abuse its discretion in denying his pre-sentence motion to withdraw his guilty plea. Further, the court did substantially comply with Crim.R. 11 in accepting his plea. However, Williams has correctly identified several issues with his sentence that require a remand for resentencing. The trial court erred by imposing inconsistent sentences at the sentencing hearing and in the entry; by failing to properly notify Williams regarding post-release control; and committed plain error by failing to conduct an inquiry into whether certain offenses were allied offenses of similar import. Accordingly, the judgment of the trial court with regard to Williams' conviction is affirmed, his sentence is vacated and this cause is remanded for resentencing.

Waite, P.J., concurs.

Donofrio, J., concurs.