[Cite as *State v. Hudson*, 2017-Ohio-7406.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105177

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MARTEZ HUDSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-586423-C

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 31, 2017

**ATTORNEY FOR APPELLANT**

David L. Doughten
David L. Doughten Co. L.P.A.
4403 St. Clair Avenue
Cleveland, OH 44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Mahmoud S. Awadallah
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant Martez Hudson appeals from his conviction following a guilty plea. For the reasons that follow, we affirm.

## Procedural and Substantive History

**{¶2}** In May 2014, Hudson and two codefendants were indicted on multiple charges, including murder, grand theft, tampering with evidence, and aggravated riot, stemming from a gang-related shooting at a March 2014 party. At his arraignment on July 8, 2014, Hudson pleaded not guilty to all counts.

**{¶3}** On September 14, 2015, Hudson withdrew his not guilty plea and pleaded guilty to Count 2, murder, in violation of R.C. 2903.01(A), and Count 7, tampering with evidence, in violation of R.C. 2921.12(A)(1). The murder count included one- and three-year firearm specifications and a criminal gang activity specification. In exchange for his guilty plea, the state agreed to dismiss the remaining charges.

**{¶4}** On December 22, 2015, the trial court sentenced Hudson to life with parole eligibility after 15 years on the murder in Count 2, to be served consecutively to a three-year term for the corresponding firearm specification. The trial court then sentenced Hudson to a concurrent three-year term for the tampering with evidence charge in Count 7. The trial court deleted the criminal gang activity specification at the state's request.

## Guilty Plea

{¶5} In his first and only assignment of error, Hudson maintains that his guilty plea was not entered knowingly, intelligently, and voluntarily because the court failed to advise him of his right to present a defense.

{¶6} The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶7} In order to ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8} Trial courts must strictly comply with the requirements related to the waiver of constitutional rights under Crim.R. 11(C)(2)(c) in conducting plea colloquies, and a trial court's failure to inform a defendant of any right in that subsection invalidates the plea. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 1. "Strict compliance does not require an exact recitation of the precise language of the rule, but instead focuses on whether the trial court explained or referred to the right in a manner reasonably intelligent to that defendant." *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 8.

{¶9} After a thorough review of the plea hearing, we conclude that the trial court fully complied with Crim.R. 11 in ensuring that Hudson's plea was knowing, intelligent, and voluntary.

{¶10} Here, the record indicates the court conducted a full Crim.R. 11 hearing before accepting Hudson's plea. At the plea hearing, the state presented the charges, the maximum penalties for the charges, and the effects of Hudson's plea as it related to the charges.

{¶11} Subsequently, the court engaged Hudson in a Crim.R. 11 colloquy. Hudson advised the court that he was not under the influence of any medication or drugs. The court then thoroughly reviewed the constitutional rights that Hudson was waiving and made sure that he understood that he was waiving those rights by pleading guilty. Hudson confirmed that no threats or promises had been made to induce him to enter a guilty plea.

{¶12} The court reviewed the nature of the charges with Hudson, as well as the maximum penalty for each charge. Hudson confirmed that he was satisfied with the representation he had received from his attorneys. Hudson also confirmed that there was nothing about the case or proceedings that he did not understand or would like explained more fully. The trial court accepted Hudson's guilty plea, finding that it was voluntarily and knowingly entered after Hudson was fully advised of his constitutional rights.

{¶13} Hudson maintains that the trial court failed to address Hudson directly and ask if he knew that he had a right to present a defense. Hudson bases this argument on the trial court's failure to ask additional questions, such as whether Hudson had sufficient time to meet with his counsel and whether any possible defenses had been discussed. The trial court is not obligated to go beyond the requirements of Crim.R. 11 prior to accepting a guilty plea. *State v. Williams*, 7th Dist. Mahoning No. 11MA131, 2012-Ohio-6277, ¶ 39. A guilty plea is not rendered invalid because the defendant was not informed of a right or waiver not enumerated in Crim.R. 11. *State v. Railing*, 8th Dist. Cuyahoga No. 67137, 1994 Ohio App. LEXIS 4703, 2 (Oct. 20, 1994). The trial

court's thorough explanation of Hudson's rights was sufficient for strict compliance with Crim.R. 11. The court explained Hudson's right to a trial by jury, to representation by an attorney, to confront and cross-examine witnesses, to have the state prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself, and to subpoena witnesses on his own behalf. All of these rights are encompassed by the right to present a defense, and nothing in the record demonstrates that the court's colloquy was deficient with regard to these rights.

{¶14} Accordingly, in light of Hudson's knowing, voluntary, and intelligent plea agreement, Hudson's assignment of error is overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR