[Cite as *State v. Gilmore*, 2012-Ohio-5989.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 MA 30 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MARLON GILMORE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 91 CR 177

JUDGMENT:     Dismissed.  Remanded.

APPEARANCES:
For Plaintiff-Appellee:     Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:     Atty. Timothy Young
Ohio Public Defender
Atty. Stephen P. Hardwick
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio  43215

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  December 14, 2012

WAITE, P.J.

## Summary

{¶1}  Appellant, Marlon Glimore, appeals the trial court's February 4, 2011 nunc pro tunc entry that attempts to correct the omission of Crim.R. 32(C) language specifying the manner of conviction in his original February 25, 1991 sentencing entry.  However, the 2011 nunc pro tunc entry erroneously included post-1991 findings and sentencing language that did not reflect Appellant's original sentence. The addition of this language creates an amended sentence, and as a result the trial court's entries are nullities.  Even if the trial court's entries were not nullities, Appellant has no right of appeal from a nunc pro tunc entry under *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142.  This appeal is dismissed, but the matter is remanded to the trial court for filing of a nunc pro tunc entry that accurately reflects both the manner of conviction and the sentences actually imposed on Appellant in 1991.

## Factual and Procedural History

{¶2}  On May 24, 1991, Appellant was found guilty by a jury on one count of complicity to aggravated murder, two counts of complicity to aggravated robbery, and three firearm specifications.  Appellant was sentenced in separate judgment entries to life in prison on the first count, two indeterminate prison sentences of ten to twenty-five years for the robbery convictions, and a definite term of three years for each firearm specification.  (Appellant's Brf., Appendix pp. A-12-A-16).  Each entry stated that Appellant had been convicted of the listed offense, but omitted the manner of conviction.  In addition to stating that Appellant had been convicted, each entry

included his sentence on the named charge, the judge's signature, and a time-stamp from the clerk of courts.

**{¶3}** On December 22, 2010 Appellant filed a pro se "Motion for Revised/Corrected Sentencing Entry in Compliance with Crim.R. 32(C)" because the final judgment entries resolving his prosecution in 1991 did not include the phrase "by a jury." The state filed a response to Appellant's motion conceding this defect on January 27, 2011. Subsequently, the trial court entered four nunc pro tunc and amended nunc pro tunc entries, two of which were orders granting Appellant's motion for a corrected sentencing entry and two of which are actually modified sentencing entries. The modified sentencing entries (filed as a February 4, 2011 nunc pro tunc entry and the other as a February 9, 2011 amended nunc pro tunc entry) include the following language:

> The Court has considered the record, oral statements, and any victim impact statement as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.
>
> * * *
>
> Pursuant to R.C. 2929.13(C), the Court finds the Defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11.
>
> * * *

The Defendant was advised pursuant to O.R.C. 2929.19 and O.R.C. 2967.28 that this sentence includes a mandatory period of five years of post release control to be supervised by the Adult Parole Authority subject to all laws, and all rules, regulations, and other conditions imposed by the Adult Parole Authority. Defendant was also advised of punishments for violations of Post Release Control and that such punishments are included within this sentence pursuant to O.R.C. 2929.19, 2929.141, and 2967.28 as follows: * * * [additional language pertaining to post release control omitted]

(2/4/11 J.E., p. 2.) Among the various other errors, one of the trial court's amended nunc pro tunc entries, filed February 9, 2011, omits Appellant's conviction on count 4 of the indictment, aggravated robbery. Appellant filed a pro se notice of appeal of the February 4, 2011 nunc pro tunc entry on February 25, 2011.

{¶4} Appellant subsequently sought to have counsel appointed for his appeal on the grounds that the deficiency in the 1991 sentencing entries rendered his original appeal as of right null and claiming that the instant appeal was, in effect, his first appeal of his conviction and sentences. We denied Appellant's motion for appointed counsel because the instant appeal is from a nunc pro tunc entry correcting a sentencing order, and not an appeal as of right. We also clarified that Appellant could not relitigate issues already decided in his original appeal and that "[t]he review of the February 4, 2011 judgment will be limited to any legal issue

arising from that entry." (3/7/11 J.E.) Appellant also sought and received a stay of this matter pending the outcome of *Lester*, supra.

Argument and Law

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY ISSUING A NUNC PRO TUNC ORDER THAT DID NOT REFLECT THE SENTENCE ORIGINALLY IMPOSED.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED BY CONVICTING MARLON IN THE ABSENCE OF SUBJECT MATTER JURISDICTION.

{¶5} Appellant's first and second assignments of error will be considered together because the resolution of the first issue determines the resolution of the second.

{¶6} The trial court issued two nunc pro tunc and two amended nunc pro tunc judgment entries in this matter, none of which accurately reflect the sentences actually imposed on Appellant in 1991. Appellant, under Crim. R. 32(C), *Lester*, and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, is entitled to a sentencing entry that clearly states (1) the fact and manner of conviction, and (2) the sentence. This entry must also be (3) signed by the judge and (4) journalized, as indicated by the clerk's time-stamp.

{¶7} Appellant correctly posits that the Ohio Supreme Court's decision in *State v. Lester* is determinative of his appeal of the trial court's February 4, 2011

judgment entry. Under *Lester*, Appellant's original 1991 sentencing entries, all of which include the fact that he was convicted, the sentence on each count, the fact that the sentences are consecutive, a judge's signature and the time-stamp of the clerk indicating journalization, were final appealable orders when originally journalized. (Appellant's Brf., Appendix pp. A-12-A-16 and *Lester*, paragraph one of the syllabus.) For this reason Appellant's original appeal, which was a direct appeal as of right, is still valid and serves as *res judicata* as to the issues raised in that appeal.

{¶8} However, under *Lester*, Appellant has no right to his present appeal because a "nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken." *Id.*, paragraph two of the syllabus. In his filing, however, Appellant has accurately described the defects contained in the various nunc pro tunc entries made by the trial court on February 4 and February 9, 2011. While a trial court has the "authority to correct errors in judgment entries so that the record speaks the truth," *Id.* at ¶18, citing *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164, 656 N.E.2d 1288 (1995); Crim.R. 36, this authority is limited to "clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *Lester* at ¶19, citing *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶15; Crim.R. 36. Nunc pro tunc entries are, by their nature, retrospective. Their effect relates back to the date of the journal entry they purport to

correct. *Lester* at ¶19. In the instant matter, the 2011 nunc pro tunc and amended nunc pro tunc entries contained language stating that the trial court considered the principles and purposes of sentencing. These did not exist in the relevant statutes (R.C. 2929.11 and 2929.12) at the time of the original entry of sentence. The trial court also included findings based on those statutes that the court could not have made in 1991. The 2011 entries further ordered "mandatory post release control" which was not, and could not have been, imposed in 1991 because the statutory scheme creating and requiring it did not exist until 1996 (R.C. 2929.19 and 2929.28).

{¶9} For these reasons, the trial court exceeded its authority to correct omissions and clerical errors. Instead, the court entered what was in substance a modified sentence. When a court exceeds its authority, the resulting judgment is null and a null judgment is not a final appealable order. However, while Appellant's original 1991 convictions and sentences were proper in substance under *Lester*, they were not proper in form under *Lester*. *Id.* ¶14-16. Thus, Appellant remains entitled to a judgment entry that complies in substance and in form with Crim.R. 32(C) and his remedy is a nunc pro tunc entry which precisely reflects the exact terms of his original convictions and sentences with the sole addition of the phrase by "a jury." *Id.* ¶14-16. This remedy lies solely with the trial court. Hence, we must remand this matter for the trial court to devise an entry that conforms to law and includes the text of the original entry or entries, with the addition of an amendment to the second sentence of each entry to read "Defendant having been found guilty by a jury of complicity to * * *." The entries must also list each charge and specification of

Appellant's conviction. Any nunc pro tunc entry or entries must accurately reflect that Appellant was found guilty of counts one, three and four of the indictment by a jury and that each count included a firearm specification. The entry or entries must also recite that on count one, Appellant was sentenced to life without consideration for parole for twenty years for violating R.C. 2923.03(A)(2)(F) and 2903.01(B), complicity to aggravated murder. Appellant's life sentence on count one is to run consecutively with the terms for counts three and four, as well as the terms for the firearms specifications. Appellant was sentenced to indefinite terms of ten to twenty-five years on counts three and four, both of which were violations of R.C. 2923.03(A)(2)(F) and 2911.01(A)(1), complicity to aggravated robbery, with actual incarceration of ten years on each count. Appellant is to serve his sentences for counts three and four concurrently, but the concurrent sentences for counts three and four are to be served consecutively to his life sentence on count one, and consecutively to the firearm specification sentences. Appellant was sentenced to three years of actual incarceration to be served consecutively to his sentences for complicity to murder and aggravated robbery and for the first firearms specification. The original trial court merged Appellant's second firearm specification with the first firearm specification and ordered that the two terms of three years' actual incarceration be served concurrently to one another but consecutively to the terms imposed under counts one, three, and four. The court then imposed three years of actual incarceration for the third firearm specification, which is to be served consecutively to the sentences for counts one, three and four, and the firearms specifications for counts one and

three. In addition to correctly reflecting the sentences imposed on Appellant in 1991, the nunc pro tunc entry is required to include only the exact findings, statutes and information cited by the original sentencing court.

## Conclusion

**{¶10}** Pursuant to *Lester*, Appellant's appeal must be dismissed for lack of jurisdiction of this Court. However, because the trial court's nunc pro tunc and amended nunc pro tunc entries exceeded the court's authority and were therefore null, we must remand this matter to the trial court for the issuance of a nunc pro tunc entry that clearly conforms with Crim.R. 32(C), *Lester*, and this Court's instructions.

Donofrio, J., concurs.

DeGenaro, J., concurs.