[Cite as *Mayfield Hts. v. Barry*, 2013-Ohio-3534.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99361

## CITY OF MAYFIELD HEIGHTS

PLAINTIFF-APPELLEE

vs.

## DENVER BARRY

DEFENDANT-APPELLANT

### JUDGMENT:
### DISMISSED

Criminal Appeal from the
Lyndhurst Municipal Court
Case No. 09 CRB 00397

**BEFORE:** Boyle, P.J., Blackmon, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** August 15, 2013

**ATTORNEY FOR APPELLANT**

Richard D. Eisenberg
1413 Golden Gate Boulevard
Suite 200
Mayfield Heights, Ohio   44124


**ATTORNEYS FOR APPELLEE**

Dominic J. Vitantonio
George J. Argie
City of Mayfield Heights
6449 Wilson Mills Road
Mayfield Village, Ohio   44143

MARY J. BOYLE, P.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Denver Barry, appeals the trial court's judgment resentencing him. He raises two assignments of error for our review:

> [1.] The trial court committed prejudicial error by resentencing the defendant-appellant with an alleged correction, nunc pro tunc, of a portion of its sentencing order of August 24, 2010, the trial court having no jurisdiction to enter a nunc pro tunc or any other order.
>
> [2.] Arguendo the trial court's change in sentence is void and prejudicial error since appellant-defendant's right to be present at all increases in sentence under Criminal Rule 43(A) was violated, even if the trial court had jurisdiction.

{¶3} After review, we dismiss the appeal for lack of a final appealable order.

Procedural History and Factual Background

{¶4} Barry, through his company April Management, Ltd., owns a two-acre parcel of land located at 1592 Lander Road ("the property") in the city of Mayfield Heights ("the city"). The northern edge of the property is bounded by ten parcels upon which there are single-family homes located on Mayland Avenue. Shortly after April Management purchased the property, Barry began making improvements to the single-family home that existed on his property. As the project progressed, neighbors from the adjacent properties complained to the city that Barry's property was littered with a collection of unsightly debris. They also complained that Barry used a backhoe to move dirt on the property, changed the grade of the soil, and caused water to accumulate into large pools

that encroached into their backyards.

{¶5} In April 2009, the city charged Barry with two violations of the Mayfield Heights Codified Ordinances ("MHCO"). It charged Barry with a violation of MHCO 1389.04(A)(6), alleging that his property was littered with a collection of unsightly debris (the "debris charge,"), and with a violation of MHCO 559.04(c), alleging that Barry used a backhoe to move dirt on the property, changed the grade of the soil, and caused water to accumulate into large pools that encroached into his neighbor's backyards (the "watercourse charge").

{¶6} A jury found Barry guilty of both counts. On August 24, 2010, the trial court sentenced Barry. On the first count, the trial court sentenced him to a $1,000 fine, $750 suspended pending compliance, 180 days in jail, suspended pending compliance, and to conditional probation for "6-months active" until compliance. On the second count, the trial court sentenced him to a $500 fine, $250 of the fine and costs suspended pending compliance, and to conditional probation for "6-months active or until compliance."

{¶7} Barry appealed, raising 15 assignments of error. *See Mayfield Hts. v. Barry*, 8th Dist. Cuyahoga No. 95771, 2011-Ohio-2665. This court affirmed Barry's convictions and sentence on June 2, 2011.

{¶8} On October 23, 2012, the city filed a motion to correct the journal entry. In its motion, the city argued that the trial court inadvertently failed to include a 60-day jail sentence for Count 2.

{¶9} On December 5, 2012, the court issued a nunc pro tunc journal entry

attempting to change the terms of Barry's sentence by adding a 60-day suspended jail term for Count 2. The nunc pro tunc entry only addressed Count 2, and did not reflect the entire sentence that was imposed on August 24, 2010.

**{¶10}** On December 12, 2012, Barry filed a motion to vacate the nunc pro tunc order. On the motion itself, the municipal court stamped "denied," and the judge's signature appears with a date of December 13, 2012. But there is no time stamp from the clerk journalizing the court's denial, and there is no separate entry on the court's docket regarding the trial court's denial of this motion.

**{¶11}** It is from the December 5, 2012 judgment that Barry appeals.

Lack of Final Appealable Order

**{¶12}** The trial court's nunc pro tunc order only addresses Count 2. Crim.R. 32 applies to nunc pro tunc entries and requires a complete judgment entry setting forth every count of conviction and sentence. *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 16 (indicating a nunc pro tunc order is a revised order that includes terms required by Crim.R. 32 that were "inadvertently omitted" from the prior judgment entry). The order in the instant appeal does not comply with Crim.R. 32(C), which requires:

> A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

**{¶13}** The nunc pro tunc order addressing only Count 2 is not a final order. The subsequent order denying Barry's motion to vacate the nunc pro tunc order is also not a final order because there is no time stamp indicating the entry of denial upon the journal by the clerk. *See Lester*, *supra*; Crim.R. 32(C).

<u>Trial Court's Power to Issue Nunc Pro Tunc Orders Pursuant to<br>Crim.R. 36 is Limited to Correction of "Clerical Mistakes"</u>

**{¶14}** "[T]he axiomatic rule is that a court speaks through its journal entries." *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12. Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

**{¶15}** In *Miller*, the Ohio Supreme Court held that the trial court's failure to include restitution in a sentencing order was not a "clerical error" subject to correction by a Crim.R. 36 nunc pro tunc order. *Id.* at ¶ 17. The court noted that a clerical error or mistake refers to "'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *Id*. at ¶ 15. The court further determined that the nunc pro tunc addition of restitution "entails a substantive legal decision or judgment and is not merely a mechanical part of a judgment. * * * It is not an order that is so 'mechanical in nature' that its omission can be corrected as if it were a clerical mistake." *Id.* at ¶ 16.

**{¶16}** *Miller*, however, is not directly on point. In *Miller*, the defendant was not advised at his sentencing hearing that restitution would be imposed, nor was restitution

included in the sentencing journal entry (although he had been advised that restitution would be imposed at his plea hearing). In this case, the trial court stated in the December 5, 2012 nunc pro tunc order that it orally advised Barry about the jail term on Count 2 at the sentencing hearing. Indeed, the "nunc pro tunc" order literally sought to adopt the terms of the audio-recorded sentencing hearing as Barry's sentence. Some of the language in *Miller* indicates that Crim.R. 36 applies to the correction of errors that were decided but recorded improperly. *Id.* at ¶ 15 ("[C]ourts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, [but] nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided"); *see also State v. Nye*, 10th Dist. Franklin No. 95APA11-1490, 1996 Ohio App. LEXIS 2314 (June 4, 1996).

{¶17} But there is authority that an order that changes the length of a defendant's sentence substantively modifies the sentence. The Seventh District has held that imposition of a sentence in a sentencing entry that was inconsistent with the trial court's announcement of defendant's sentence was a substantive change and not an error arising from oversight that could be corrected by a nunc pro tunc entry as contemplated by Crim.R. 36. *State v. Williams*, 7th Dist. Mahoning No. 11 MA 131, 2012-Ohio-6277, ¶ 56. The Seventh District concluded that the trial court's sentencing entry was a modification of the sentence outside of defendant's presence in violation of Crim.R. 43(A), such that it could not stand. *Id*. at ¶ 53, 56 ("difference in imposing eight years on each count versus imposing ten years is a substantive change, not an error arising from

oversight as contemplated by Crim.R. 36. Thus, this error cannot be corrected via a nunc pro tunc order.").

{¶18} Other appellate districts have held that when a sentence imposed in the sentencing entry varies from the sentence announced at the hearing, this error is reversible even when the sentencing entry reduces or does not increase the sentence. *See State v. Zelinko*, 6th Dist. Lucas No. L-05-1345, 2006-Ohio-5106, ¶ 6-7; *State v. Hill*, 5th Dist. Fairfield No. 98CA67, 2002 Ohio App. LEXIS 7300, *10 (Jan. 17, 2002).

{¶19} We agree with these courts that the trial court cannot substantively modify a defendant's sentence via a nunc pro tunc order.

<u>Trial Court has No Power to Change a
Sentence That Has Been Completed</u>

{¶20} The docket in this case reflects that Barry paid fines and costs on January 19, 2013. It is well settled that once an offender completes serving a journalized sentence, the trial court is without jurisdiction to impose a term of the sentence that had been omitted from the journal entry. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 27.

<u>Conclusion</u>

{¶21} There is not a final, appealable order in this case. We note, however, that it appears that the trial court lacked jurisdiction to add a prison term on Count 2 of Barry's sentence because (1) it was a substantive change that could not be corrected by a nunc pro tunc order, and (2) Barry had completed the terms of his sentence before the court issued its nunc pro tunc entry. *See State v. Gilmore*, 7th Dist. Mahoning No. 11 MA 30,

2012-Ohio-5989, ¶ 10 (appellate court dismissed for lack of a final, appealable order but addressed the trial court's lack of jurisdiction to correct the sentence).

{¶22} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
TIM McCORMACK, J., CONCUR