[Cite as *State v. Clark*, 2016-Ohio-8508.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                    :     C.A. CASE NOS. 26944 and 26946
                                                 :
v.                                               :     T.C. NOS. 15CR481/1 and 15CR482
                                                 :
ANTHONY B. CLARK                                 :     (Criminal appeal from
                                                 :      Common Pleas Court)
    Defendant-Appellant                   :
                                                 :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 30th day of December, 2016.

. . . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHARLYN BOHLAND, Atty. Reg. No. 0088080, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, P.J.

    **{¶ 1}** This matter is before the Court on the Notice of Appeal of Anthony Becton

Clark, filed December 9, 2015.   Clark was convicted, in case No. 2015 CR 481,

following a bench trial, on one count of escape, in violation of R.C. 2921.34(A)(1), a felony of the second degree, and one count of vandalism (government property), in violation of R.C. 2909.05(B)(2). Clark also entered a plea of guilty to one count of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree, in Case No. 2015 CR 482. The court sentenced Clark to two mandatory years on the escape offense, to nine months on the burglary offense, and to six months on the vandalism offense. The court ordered that the nine month sentence for burglary be served consecutively to the two year sentence for escape, and that the six month sentence for vandalism be served concurrently to the nine month sentence and consecutively to the two year sentence, for a total sentence of two years and nine months. Clark's appeal is addressed to the merits of his escape conviction only.

{¶ 2} The events giving rise to this matter began at Clark's July 21, 2014 adjudication in juvenile court involving three cases, namely 2014-4362 (Count 1, robbery; Count 2, burglary; Count 3, receiving stolen property); 2014-4803 (Count 1, burglary), and 2014-3802 (Count 1, violation of probation). At the start of the adjudication, the State advised the court that it was willing to withdraw its pending motion to relinquish jurisdiction in case numbers 2014-4362 and 2014-4803, and dismiss case number 2014-3802, in exchange for Clark's admission of responsibility to the remaining offenses. The following exchange occurred:

THE COURT: * * * And basically, what they are saying is that you are going to admit that the charges are true in case number 2014-4362 and 2014-4803. One is a robbery charge, a felony of the second degree in the adult system, * * *; count two - - that's a felony of the second degree; count

two is a burglary charge * * * again, the burglary charge in the adult system and a felony of the second degree; and then finally, a receiving stolen property involving a motor vehicle, a felony of the fourth degree in the adult system. Now, do you understand those charges?

ANTHONY BECTON CLARK: Yes, sir.

* * *

THE COURT: * * * And, finally, you understand that with regard to those three charges, they are all felonies. Therefore you could be committed to the custody of the Department of Youth Services?

ANTHONY BECTON CLARK: Yes, sir.

THE COURT: For a minimum of two and-a-half years, maximum to age 21. Do you understand that?

ANTHONY BECTON CLARK: Yes, sir.

THE COURT: * * * And then finally, there is a - - a separate charge of burglary, a felony of the third degree in case number 4803, and it's my understanding that you are willing to admit that that is true, also, is that correct?

ANTHONY BECTON CLARK: Yes, sir.

* * *

THE COURT: * * * And, again, that is a felony, could require you to be committed to the Department of Youth Services on that particular charge, a minimum of six months, maximum to age 21. But, all of those charges could be added together. So that your minimum could be, in this case,

three years.

ANTHONY BECTON CLARK: Yes, sir.

THE COURT: Maximum to age 21. Do you understand that?

ANTHONY BECTON CLARK: Yes, sir.

{¶ 3} At Clark's disposition on August 6, 2014, the following exchange occurred:

THE COURT: * * * Both cases have been adjudicated and come back before the Court today for disposition. The recommendation from probation department and the formal review team is a recommendation for termination of placement at the Nicholas Residential Treatment Center, and I believe - - in 4362; and placement of Anthony at the Center for Adolescent Services in both cases, that there be a suspended commitment on all the charges to the Department of Youth Services. I think we have two felonies of the second degree and a felony of the fourth degree in one case.

And the other case, we have a felony - - is that a felony three burglary? All right. So that we would have suspended sentences to the Department of Youth Services of one year on each of the felony two, six months on the felony four, and six months on the felony three.

{¶ 4} After a lengthy discussion regarding restitution, the following exchange occurred:

THE COURT: * * * You know, because we're a little bit complicated here, we talk a little bit about all the cases kind of grouped together and what the Court's disposition or sentence was going to be. It's important that you understand what that sentence means.

First of all, on the one case where there are three counts, you get sentenced to the Department of Youth Services for a minimum of twelve month - - a minimum of eighteen months in a case, maximum to age 21. Do you understand?

ANTHONY BECTON-CLARK: Yes, sir.

THE COURT: And that means that you - - your name goes to the Department of Youth Services, your number goes to the Department of Youth Services, but you don't go. You stay here.

ANTHONY BECTON-CLARK: Yes, sir.

THE COURT: On the condition that you complete the programs and the probation terms that the Court sets out. One of those would be that you complete the program at the Center for Adolescent Services, and the other complete your full probationary program.

You will be placed on probation for twelve months. If you violate this, you come back here and you could go to the state institution. Do you understand that?

ANTHONY BECTON-CLARK: Yes, sir.

THE COURT: And that's similar for the other case. It's a case which the court could give you a commitment to the Department of Youth Services. Is that an F2 or F3?

MS. XARHOULACOS: Three.

* * *

THE COURT: F3. That carries a minimum of six months in the institution, maximum to age 21. That sentence is suspended on the condition that you also complete your probation of twelve months, as well as your program at the Center for Adolescent Services. Do you understand that?

ANTHONY BECTON-CLARK: Yes, sir.

{¶ 5} On July 22, 2014 a "Judge's Order of Adjudication and Continuance" was issued that provides in part that Clark "is a delinquent child as alleged in the complaint, for Count 1, an act of robbery, contrary to Section 2911.02(A)(2) of the Ohio Revised Code, a felony of the second degree; for Count 2, an act of burglary, contrary to section 2911.12(A)(2) of the Ohio Revised Code, a felony of the third degree; and Count 3, an act of receiving stolen property, contrary to Section 2913.51(A) of the Ohio Revised Code, a felony of the fourth degree." The court continued the matter for investigation.

{¶ 6} The August 13, 2014 "Judge's Order of Disposition" provides the following finding by the court: "that the child is a delinquent by reason of having committed an act which if committed by an adult would constitute a felony of the third degree * * *." The court ordered that "the child be and hereby is committed to the legal custody of the Department of youth Services for institutionalization in a secured facility for a minimum period of six months **on each count** for a total minimum period of 18 months, and a maximum period not to exceed the child's attainment of the age of twenty-one (21)." The court suspended the commitment conditioned upon Clark's compliance with the court's orders.

**{¶ 7}** Thereafter, Clark escaped from CAS on November 3, 2014. On December 16, 2014 an "**Amended** Judge's Order of Disposition" was issued. The order provides: "**This order is being amended to correct the felony degree of adjudicated charges.**" It further provides in part that Clark "**is a delinquent by reason of having committed acts which if committed by an adult would constitute a felonies** [sic] **of the second, third and fourth degree, respectively, for Counts 1, 2, and 3** * * *." The amended order provides that Clark "is committed to the legal custody of the Department of Youth Services for institutionalization in a secured facility **for a minimum period of twelve (12) months on Count 1, and six (6) months** *on each count for Counts 2 and 3,* **for a total minimum period of twenty-four (24) months,** and a maximum period not to exceed the child's attainment of the age of twenty-one (21)."

**{¶ 8}** On December 18, 2014 a hearing was held in juvenile court involving Clark and two other juveniles on the State's motion to relinquish jurisdiction based upon the escape, as well as vandalism and burglary charges. At the start of the hearing, the following exchange occurred:

MS. XARHOULACOS: * * * The State, under the escape charge, the felony of the second degree, has to show that my client was in some way detained, also for a felony in the second degree. The judge's order of disposition, when Anthony was sentenced on those original charges back on August 6th, does not show an indication of the correct degree.

I was handed an amended order of disposition from December 16th of this year, two days ago, where the Court has entered the felony of the

second decree in the amended entry. My contention to the Court is that my client's entry at the time of the charges was not showing the correct level of felony; therefore, the escape could not be a felony in the second degree.

* * *

MR. SAULINE: It's the State's intention today to submit the orders of the three individuals that sent each of them to CAS, and request judicial notice be taken of them. The order that defense counsel is referring to was originally filed and scanned in. And it was only into the JCS system with only one sheet. And as she indicated, it was incorrect in the way it stated things. However, there was an adjudication entry that was filed just a week prior to that, perhaps a little bit more than that, that indicated the correct levels of the felonies. And as defense counsel was present for both of those hearings, she's the same counsel who represented him at the time. She's aware that he was adjudicated on the F2, F3 and F4. And as this Court is aware, and it was merely a reconciling of those two, and stenographer's error that was changed in those entries.

MS. XARHOULACOS: And if I may, Your Honor. State's counsel will know that the Court speaks through its entries. That entry was distributed to the Prosecutor's Office. They had ample time to take care of the matter and to amend it if necessary. What I'm stating to the Court is that was not amended. Because the Court speaks through its entry at the time that they are trying to take this charge, it was incorrect. They cannot take the charge as a felony of the second degree. And just because they

amend it after the fact doesn't make it right.

**{¶ 9}** The court advised the parties that it would "take that matter under advisement with regard to the nature of the charge of escape in that particular case." The prosecutor requested the court take judicial notice of the "certified copies of the entries that sent these juveniles to CAS," the court indicated that it "will take judicial notice of its own orders," and counsel for Clark objected to "the amended entry." At the conclusion of the hearing, counsel for Clark again argued that the escape charge "is charged incorrectly. Again, because the Court speaks through its entries. And they did not show that my client was detained at the CAS buildings for a felony of the first, second or third degree. That * * * should not be put into evidence. And * * * we would ask for that to be dismissed." The court indicated that it found probable cause for Clark's offenses, and it referred the matter for probation reports and psychological evaluations. Following an amenability hearing on February 9, 2015, the juvenile court transferred the matter to the court of common pleas.

**{¶ 10}** On March 6, 2015, Clark was indicted on one count of burglary, and on March 12, 2015, Clark was indicted on the escape and vandalism offenses. Clark's indictment provides in Count 1 that Clark, "knowing that he was under detention or being reckless in that regard, did purposely break or attempt to break such detention, or purposely fail to return to detention, while being detained for the charge of ROBBERY, in violation of Section 2911.02 of the Revised Code, a felony of the second degree * * * ."

**{¶ 11}** On May 28, 2015, the court held a scheduling and pretrial conference. The court indicated as follows:

> * * * And we had the opportunity to talk in chambers about Mr.

Clark's cases. And there are some legal issues that we just need to drill into a little bit deeper it seems to make sure that we're getting it right in all respects.

And it was my understanding, Mr. Dailey, that the game plan was going to be that we were going to vacate the jury trial setting for Mr. Clark.

The State was going to order the transcript from the juvenile court proceedings so we would get his plea as well as the sentencing transcripts to have as much information as possible about what was said. And the transcripts, as well as the termination entries and the related paperwork for that, is going to be submitted to the Court. And once I know that we have that, we're going to set a briefing schedule to get clarity as to exactly what felony level we ought to be dealing with on the escape charge and some other issues that are kind of related to that.

**{¶ 12}** The court advised Clark of his right to a speedy trial on the escape and vandalism charges, and Clark indicated that he was willing to waive that right. On September 10, 2015, Clark signed a "Waiver of Jury," and the bench trial commenced after the court's bailiff filed the waiver. The court indicated that the "bench trial is going to proceed by way of, predominantly, stipulations as to documents that represent the history of Mr. Clark's proceeding in the juvenile court that gave rise to his detention in CAS from which he left." The court noted that "it's largely a legal issue or it's a combined fact issue, legal issue. * * * The court has to sort through to determine whether or not Mr. Clark was lawfully detained at CAS by the juvenile court pursuant to a lawful termination entry by the juvenile court." The court noted that "there's no fact dispute to the fact that

Mr. Clark engaged in behavior which would constitute an escape from CAS." Defense counsel stipulated to the vandalism charge, and the court indicated that "then the burglary charge we would just have to take up in a different way at a different time."

{¶ 13} The court noted that "there will be filed of record this listing of trial stipulations that run from November 1 through November 15," and that "the defendant is stipulating to the authenticity of certain documents but has not necessarily stipulated as to the admissibility of the documents." Regarding the July 21, 2014 transcript of Clark's adjudication, defense counsel objected to its admission, and the following exchange occurred:

MR. DAILEY: Your Honor, I do stipulate to that but we do object. My argument is just because courts speak through their entries and I don't believe there's any relevance while looking at the void entries that this transcript would play in the case.

THE COURT: Well, it's my understanding of the law that if a Court does something correctly, a sentencing hearing, but then the termination entry has clerical errors in it that then the clerical errors can be corrected via a nunc pro tunc entry. And so the transcript of proceedings would have relevance in helping the Court make the determination as to whether or not there are discrepancies between what Mr. Clark was advised at any sort of disposition or sentencing type hearings and how the termination entries read in comparison to that. Because if he was misadvised of something and then the termination entry embeds that wrong information that's one scenario that has one legal conclusion attached to it. If he was told the

correct thing but then the sentencing entry gets something wrong that's a different legal conclusion because that might not, in all circumstances, but it might be capable of correction via a nunc pro tunc entry.

So the transcripts, from the Court's perspective because of that, are indeed relevant because it's part of the picture that I have to look at to determine did something get said or done incorrectly and when did it get said or done incorrectly.

So the Court would overrule that objection and we would admit that transcript of proceedings.

**{¶ 14}** Regarding the July 22, 2014 order of adjudication and continuance, the court admitted the document over defense counsel's objection. The court admitted the transcript of the August 6, 2014 dispositional hearing over defense counsel's objection. Regarding the August 13, 2014 dispositional order, defense counsel asserted that the order "is void * * * and should not be part of the evidence." The court responded, "I don't know how I could determine that without ever seeing it" and admitted the entry. Over objection, the court admitted the juvenile court's order discharging Clark to CAS on August 7, 2014, as well as the August 13, 2014 order of disposition. The parties stipulated to the fact that CAS is "a co-educational secure residential correctional/treatment facility."

**{¶ 15}** The court admitted, also over objection, the December 16, 2014 amended order of disposition, noting that "this is the nunc pro tunc order that attempted to correct deficiencies in the prior disposition order and that nunc pro tunc was placed of record after the escape occurred; is that correct?" Defense counsel responded affirmatively and

indicated "that's the additional objection I have including the rest."   The parties stipulated that "the amended judge's order of disposition was filed in relation to the same disposition hearing held on August 6th of 2014 regarding the adjudication hearing on July 21st of 2014."   The parties stipulated that "there has been no appeal taken by the State due to the errors in the judge's order of disposition," and that Clark "was housed at CAS on or about November 3rd of 2014," which is in Montgomery County.   The parties further stipulated that on or about November 3, 2014, Clark "did purposely break his detention at CAS without permission."   Defense counsel indicated that Clark had no evidence to present and moved the court for an acquittal, and the court overruled the motion.   The court requested that the parties file post-trial briefs.

{¶ 16} The State's "Post Trial Memorandum" was filed on October 2, 2015.   The State noted that the August 13, 2014 order of disposition "fails to correctly reflect the charges and also left out one of the counts in 14-4362."   The State noted that the amended order of December 16, 2014 "is also not in line with the sentencing hearing on August 6, 2014," since at the hearing it was clear "that on 14-4362 the defendant was being sentenced on two second degree felonies and a fourth degree felony and that his aggregate alternative sentence was 18 months to age 21 at DYS."   The State noted that the "amended sentencing entry also changed the alternative sentence from 18 to 24 months," and that the "sentencing hearing did not address whether the sentences for the two case numbers would be concurrent or consecutive."

{¶ 17} The State asserted that although "the disposition entries are not an accurate reflection of what occurred at the dispositional hearing, this is not a defense to Escape," pursuant to R.C. 2921.34(B), which provides: "Irregularity in bringing about or maintaining

detention * * * is not a defense to a charge under this section if the detention is pursuant to judicial order or in a detention facility."   The State asserted as follows:

> * * * Here, the Judge properly advised the defendant on the record at the adjudication hearing and disposition hearing that he was before the court for felonies of the second degree.   More importantly, at the time of disposition which resulted in his being discharged to CAS the defendant was advised that he was being sent to CAS for felonies of the second, third and fourth degrees.   The defendant should not incur a windfall because of clerical errors in the dispositional entries.   The defendant at the time of disposition was confined to CAS for, among other charges, Robbery, a felony of the second degree.

**{¶ 18}** The State argued that "whether the nunc pro tunc entry is valid is not a critical issue because of the plain language of the statute.   However, assuming that the court finds the irregularity of the original disposition entry to be an issue, the nunc pro tunc did properly state that the defendant was being sent to CAS for a second degree felony."   The State argued as follows:

> The Ohio Supreme Court has recently held, in *State ex rel. DeWine v. Burge,* 128 Ohio St.3d 236, 2011-Ohio-235, that Crim.R. 32(C) errors are clerical in nature, and they are subject to correction at any time under Crim.R. 36.   Id. at ¶ 17-19.   Because stating an incorrect felony level in the judgment entry is a technical violation, not a violation of a statutorily mandated term, it does not render the judgment a nullity.   Id. at ¶ 19.   Instead, the failure to comply with Crim.R. 32(C) is "a mere oversight" and

the trial court is vested with "*specific, limited* jurisdiction" to issue a new sentencing entry to reflect the action actually taken. Id. Referring to one of the judgment entries of conviction in that case, the Court explained that correcting the error in the entry with a nunc pro tunc entry is logical because the trial court and the parties had all proceeded under the presumption that it constituted a final, appealable order. Id. See also *State v. Ford*, 2014-Ohio-1859, Mont. App. No. 25796 (holding that error in felony level can be remedied with nunc pro tunc entry to accurately reflect what happened on the record)[.]

A nunc pro tunc sentencing entry that corrects an error in the original entry relates back to that original sentencing entry. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 15. Once issued, it has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. *State v. Greulich* (1988), 61 Ohio App.3d 22, 24, 572 N.E.2d 132. Thus a nunc pro tunc entry will "fix"[] the technical error of omission in the original sentencing entry by making the record reflect that which was obvious from the record, that defendant had been adjudicated delinquent by reason of committing second, third and fourth degree felonies.

{¶ 19} Clark's post-trial memorandum was filed on October 5, 2015. He asserted that at the August 6, 2014 dispositional hearing, the "sentence given was **less than the statutorily mandated minimum Anthony was facing at the adjudication hearing held on July 21, 2014.**" Clark noted that in the August 13, 2014 order of disposition, there

"was no mention of any felonies of the second degree, or any felony of the fourth degree."

**{¶ 20}** Clark argued that the State failed to prove that he was being detained on a second degree felony robbery charge when he escaped. Clark argued that the "sentence in the underlying case was confusing, unclear, and inconsistent throughout. Looking at the whole process, the State did not prove beyond a reasonable doubt that Anthony was being detained on the Robbery charge." He argued that the "apparent suspended sentence [imposed at disposition] did not meet the minimum statutorily mandated requirements for the charges (minimum of 2.5 years)" pursuant to R.C. 2152.16. Clark asserted that "the only level of charge mentioned [in the August 13, 2014 order of disposition] was a 'felony of the third degree,' '' and that "this Order added a specific sentence for each count, which was not stated on the record. It changed the levels of the charges, which was contrary to the adjudication hearing (but, maybe consistent with the Judge's intent)." Finally, Clark asserted that the amended entry "only increased the confusion on what sentence Anthony was given." Clark asserted as follows:

The errors within this Order included: the levels of charges still were not consistent with the adjudication hearing or the disposition hearing, it included the specific sentencing for each count which never happened at the disposition hearing, and it still included a felony of the 3rd degree which never had existed. The most confusing error was it upped the sentence to a minimum of 24 months, however, this change is very important in the current case. They needed to change the sentence to a minimum of 24 months to follow the statutory mandated requirements of R.C. 2152.61 (1

year on the F2 + 6 months on the F3 + 6 months of the F4 = 24 months). They attempted to do this through a nunc pro tunc entry! Again, this sentence is not consistent with what was on the record, there were never any F3s, and the minimum statutory mandated sentence was supposed to be 2.5 years.

Did the judge fail to sentence at the disposition hearing on both F2s? Did he sentence on the F2 – Robbery, as required in the indictment, or the F2 – Burglary, which the Grand Jury never decided on when they indicted the Escape, and then forgot to sentence on the other F2? Did he mistakenly, or purposely, change the levels of the charges to F3s when sentencing Anthony? Was he looking at the wrong case or charges? Which charge(s) was Anthony sent to CAS on? It is not clear on the record what happened with the sentence, or which charges sent Anthony to CAS. There are too many questions that cannot be answered to prove this case beyond a reasonable doubt. Therefore, the Defendant requests a Not Guilty on the Escape charge.

**{¶ 21}** Clark argued that the "sentence in the underlying case has numerous errors, and should be found to be void and invalid." Clark directed the court's attention in part to *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, and he argued that since the sentence imposed is not authorized by law, the sentence is void. Clark argued that "where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is to resentence the defendant. Everything that occurs after the sentence is also a nullity until a valid sentencing occurs." Clark asserted

that he "still has never been sentenced to the statutorily mandated sentence, which was the minimum of 2.5 years, with a maximum of age 21." Clark argued that "the Court was required to provide [him] with a new sentencing hearing. That did not occur, and as we stand here today, the sentence remains a nullity until a valid sentencing occurs."

{¶ 22} Clark argued that the trial court lacked jurisdiction to convict him of the escape. Again citing *Billiter*, Clark asserted that void "sentences can be collaterally attacked at anytime [sic], including during a later charge of escape based on that void sentence. When an escape charge is based on an invalid sentence, a trial court is without jurisdiction to convict that person of the escape." Citing R.C. 2921.34(B), Clark argued that "this is not an irregularity or a lack of jurisdiction. The Juvenile Court had jurisdiction to impose sentence on Anthony, however, the sentence was Constitutionally infirm under the Due Process Clause, and was therefore void. With the void sentence on the underlying charge, it is the current Court, according to *Billiter*, that cannot convict Anthony."

{¶ 23} Finally, Clark argued that the errors in the amended order of disposition **"could not be cured by a nunc pro tunc entry because the sentence was not clear and apparent on the record.** Therefore, this Order was also void." Clark argued that a "nunc pro tunc entry is inappropriate when it reflects a substantive change in the judgment. When a court exceeds its power in entering a nunc pro tunc order, the resulting nunc pro tunc order is invalid." According to Clark, the "failure to impose a statutorily mandated sentence has been held to be more than administrative or clerical error, because it is an act that lacks both statutory and constitutional authority." Clark directed the court's attention to *City of Mayfield Heights v. Barry*, 8th Dist. Cuyahoga No.

99361, 2013-Ohio-3534, and *State v. Williams*, 7th Dist. Mahoning No. 11 MA 131, 2012-Ohio-6277, noting that "an order that changes the length of a defendant's sentence substantively modifies the sentence." Clark argued that a "new sentencing hearing is what was required, and that did not occur. The failure to impose a statutorily mandated sentence is more than an administrative or clerical error, as it lacks both statutory and constitutional authority."

**{¶ 24}** On October 13, 2015, the trial court issued a "Verdict and Finding of Guilt on Counts One and Two." The entry provides in part as follows:

> The court finds that Defendant's detention was pursuant to a judicial order and/or in a detention facility. Although the orders of disposition may contain errors regarding the statement of charges and/or associated minimum term of Department of Youth Services commitment, each disposition entry placed Defendant at the Center for Adolescent Services (CAS), from which Defendant escaped and harmed property. Lack of jurisdiction by the detaining authority (CAS) is not a defense given the juvenile court's order that Defendant be placed at CAS.

**{¶ 25}** On October 15, 2015, Clark pled guilty to burglary. On November 5, 2015, Clark filed an "Objection to Possible Finding of Mandatory Prison Sentence." Clark cited this Court's decision in *State v. Hand*, 2d Dist. Montgomery No. 25840, 2014-Ohio-3838 (Donovan, J. dissenting), noting that the matter was currently pending in the Ohio Supreme Court.

**{¶ 26}** The court imposed sentence on November 5, 2015. The court indicated in part as follows:

The defense did file and the Court has reviewed, this morning, a memorandum regarding sentencing for Mr. Clark arguing that by virtue of his juvenile status that the underlying charge should not serve as an enhancement to turn the present second degree felony into a mandatory time charge. And the record should reflect that those arguments are lodged with the [C]ourt. The Court did consider them. And the Court is not going to accept those arguments and is going to proceed with sentencing under the analysis that the escape, while detained on a second degree felony, is a felony of the second degree that presents a mandatory sentence scenario.

{¶ 27} We note that Clark's November 13, 2015 Judgment Entry of Conviction in case number 2015 CR 0481 provides incorrectly that Clark pled guilty to escape and vandalism.

{¶ 28} On November 12, 2015, Clark filed a "Motion to Stay Execution of Sentence" pending "the outcome of his motion to reconsider and/or vacate plea." On the same day, Clark filed a second "Motion to Stay Execution of Sentence" pending "the outcome of his appeal." On November 18, 2015, the trial court issued a "Decision, Order and Entry Denying Defendant's Motion to Stay Execution of Sentence."

{¶ 29} Clark asserts two assignments of error herein. His first assigned error is as follows:

THE TRIAL COURT VIOLATED ANTHONY CLARK'S RIGHT TO DUE PROCESS OF LAW WHEN IT CONVICTED HIM OF ESCAPE, A SECOND-DEGREE FELONY, IN THE ABSENCE OF SUFFICIENT

EVIDENCE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U. S. CONSTITUTION; AND, CRIM.R. 29(A). * * *

**{¶ 30}** Clark asserts that "the State failed to prove beyond a reasonable doubt that Anthony was being held on a second-degree felony. R.C. 2921.34(C)(2)(a). In the light most favorable to the prosecution, the State only proved that Anthony was being held on a third-degree felony." According to Clark, "the juvenile court's orders do not clearly demonstrate that Anthony was being held for a second-degree felony." Clark asserts that the "felony level associated with each offense is unclear throughout the juvenile court proceedings. The disposition hearing transcript and the disposition entry reflects that the judge did not commit Anthony to CAS on a second-degree felony." Instead, Clark argues, "at the hearing, [the] judge imposed suspended DYS commitments consistent with third-, fourth-, or fifth-degree felonies, and the journalized entry reflects the judge's intentions." Clark asserted that "the juvenile court could not issue the amended entry to act as a nunc pro tunc entry, because there were no errors to be fixed."

**{¶ 31}** Clark asserts courts speak through their journal entries, and that "although the juvenile court's amended entry noted that '[t]his order is being amended to correct the felony degree of adjudicated charges,' the amended entry changed Anthony's disposition and did not reflect what the juvenile court stated during open court at the disposition hearing." According to Clark, the "amended entry cannot satisfy the elements of the underlying felony level because it is a void entry." Clark asserts that "[a]t most, the State proved that Anthony was held on a third-degree felony, because that is how the juvenile court sentenced Anthony and that is what is reflected in the juvenile court's entry." Clark argues that "this Court should reverse the court's decision for lack of sufficient evidence

and vacate Anthony's conviction for second-degree felony escape."

**{¶ 32}** The State responds that it is "undisputed that Clark was adjudicated delinquent for having committed three offenses, the most serious of which – robbery under R.C. 2911.02(A)(2) – would be a felony of the second degree if committed by an adult." The State further asserts that it "is also undisputed that at the August 6, 2014 dispositional hearing, the juvenile court committed Clark to CAS as a condition of his probation following his adjudication for, among other charges, second-degree felony robbery." The State asserts as follows:

> The only confusion arises in the juvenile court's Order of Disposition, which incorrectly states that Clark was adjudicated delinquent for having committed only one act that, if committed by an adult, would have been a felony of the third degree. * * * But errors in the juvenile court's Order of Disposition have no relevance to determining the only question that matters in this case: When Clark escaped from CAS, was he being detained for an act that would be a felony of the second degree if committed by an adult?

**{¶ 33}** The State argues that each element of escape was proven beyond a reasonable doubt, and that "Clark nevertheless ignores what actually occurred at his adjudication and disposition and focuses instead exclusively on what was stated in the juvenile court's August 13, 2014 Order of Disposition – an Order the State agrees does not properly reflect Clark's true adjudication or disposition." According to the State, "the contents of the Order of Disposition is of no consequence because all that really matters is that Clark was at CAS because he was adjudicated to be a delinquent child for having committed an offense that would be a second-degree felony if committed by an adult."

The State asserts that "it is Clark's adjudication – not his disposition – that determines the felony level of his escape charge." Finally, the State asserts that "the trial court correctly found as part of its verdict that Clark was guilty of escape because the errors in the Order of Disposition did not change the fact that Clark's detention at CAS was pursuant to a judicial order and that CAS is a detention facility."

**{¶ 34}** As this Court has previously noted:

"A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, at ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). When reviewing whether the State has presented sufficient evidence to support a conviction, "the relevant inquiry is whether any rational finder of fact, after viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997), citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." Id.

*State v. Quinn*, 2016-Ohio-139, 57 N.E.3d 379, ¶ 50 (2d Dist.).

**{¶ 35}** R.C. 2921.34(A)(1) provides in part: "No person, knowing the person is under detention, other than supervised release detention, or being reckless in that regard, shall purposely break or attempt to break the detention * * *." R.C. 2921.34(C)(2) provides

that if the offender violates division (A)(1) of this section, escape is: "(a) A felony of the second degree, * * * if the person was under detention as an alleged or adjudicated delinquent child, when the most serious act for which the person was under detention would be aggravated murder, murder, or a felony of the first or second degree if committed by an adult." R.C. 2921.34(B) provides: "Irregularity in bringing about or maintaining detention, or lack of jurisdiction of the committing or detaining authority, is not a defense to a charge under this section if the detention is pursuant to judicial order or in a detention facility. * * *."

**{¶ 36}** R.C. 2152.16(A)(1)(d) provides that for a child who has been adjudicated delinquent of an offense that would be a felony of the first or second degree if committed by an adult, the juvenile court may sentence the child "for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's attainment of twenty-one years of age." R.C. 2152.16(A)(1)(e) provides that for an offense that would be a felony of the third, fourth, or fifth degree if committed by an adult, the juvenile court may sentence the child "for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age."

**{¶ 37}** "It is well established that a court speaks through its journal entries." *State v. Hottenstein*, 2015-Ohio-4787, 43 N.E.3d 463, ¶15 (2d Dist.). Crim.R. 32(C) provides that a "judgment of conviction shall set forth the fact of conviction and the sentence." Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." As this Court has previously noted:

> \* \* \* It is well settled that a nunc pro tunc entry can be used only to reflect what a court actually decided, not what it might have decided or should have decided. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15. Stated differently, a nunc pro tunc entry may be used to "reflect what the trial court did decide but recorded improperly." *Id.* An improper nunc pro tunc entry is void. *Plymouth Park Tax Services v. Papa*, 6th Dist. Lucas No. L-08-1277, 2009-Ohio-3224, ¶ 18, citing *Natl. Life Inc. Co. v. Kohn*, 133 Ohio St. 111, 11 N.E.2d 1020 (1937), paragraph three of the syllabus.

*State v. McIntyre*, 2d Dist. Montgomery No. 25502, 2013-Ohio-3281, ¶ 5.

{¶ 38} At the start of the disposition hearing, the court indicated that pursuant to the recommendation of the probation department and the formal review team, "we would have suspended sentences to the Department of Youth Services of one year on each of the felony two, six months on the felony four, and six months on the felony three." At the conclusion of the hearing, however, the court indicated that "on the one case where there are three counts, you get sentenced to the Department of Youth Services for a minimum of twelve month - - a minimum of eighteen months in a case, maximum to age 21," and further indicated that the felony-three burglary "carries a minimum of six months in the institution, maximum to age 21." The disposition order provides that Clark committed an act which if committed by an adult would constitute a felony of the third degree, and it imposed a total suspended sentence of 18 months, six months on each count. The amended order provides that its purpose is "to correct the felony degree of adjudicated charges," but then the order alters Clark's total sentence to "a minimum of twelve (12)

months on Count 1, and six (6) months *on each count for Counts 2 and 3*, for a total minimum period of twenty-four (24) months * * *."

**{¶ 39}** We conclude that the amended disposition entry is void, since it does not reflect what occurred at Clark's disposition, namely that he received a total sentence of 18 months.   After viewing the evidence most strongly in favor of the State, however, at the time of Clark's escape, the original order of disposition established that Clark was placed at CAS for "an act which if committed by an adult would constitute a felony of the third degree."   No appeal was taken from this original order. It is undisputed that Clark escaped while this original order was in place.   Accordingly, there is sufficient evidence to convict Clark of the lesser level of escape as a felony of the third degree which does not carry mandatory time.   Clark's first assigned error is sustained in part and overruled in part.

**{¶ 40}** Clark's second assignment of error is follows:

THE TRIAL COURT ERRED WHEN IT USED ANTHONY'S PRIOR JUVENILE ADJUDICATION AS AN ENHANCEMENT FOR A MANDATORY PRISON TERM IN COMMON PLEAS COURT, IN VIOLATION OF HIS RIGHT TO DUE PROCESS AS GURANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 16, OHIO CONSTITUTION. * * *

**{¶ 41}** R.C. 2929.13(F)(6) provides that "the court shall impose a mandatory prison term" for a felony of the first or second degree "if the offender previously was convicted of or pleaded guilty to * * * any first or second degree felony." R.C. 2901.08 provides:

If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child or juvenile traffic offender for a violation of a law or ordinance, * * * the adjudication as a delinquent child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea.

**{¶ 42}** We note that in *State v. Hand*, Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-5504, ¶ 37, the Ohio Supreme Court determined that R.C. 2901.08(A) is unconstitutional "because it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult." Finally, since Clark's sentence is reversed and vacated, and since he is subject to resentencing for a felony of the third degree, he is not subject to a mandatory sentence, rendering this assignment of error moot.

**{¶ 43}** Clark's sentence for escape is reversed and vacated, and the matter is remanded for resentencing on that offense. The judgment of the trial court is affirmed in all other respects.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Andrew T. French
Charlyn Bohland
Hon. Mary L. Wiseman